**Ex parte Robert SNELSON, Appellant.**

**No. 64980.**

Court of Criminal Appeals of Texas, En Banc.

July 9, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

The petitioner, in this post-conviction proceeding, Art. 11.07, V.A.C.C.P., seeks to have set aside a judgment of conviction for aggravated robbery.

The petitioner asserts that the conviction is void in that the trial court did not have jurisdiction because there was a failure to allege in the indictment a necessary element of the offense. See *Valdez v. State*, 550 S.W.2d 88 (Tex.Cr.App.1977); *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976); *Ex parte Garcia*, 544 S.W.2d 432 (Tex.Cr. App.1976). It was not alleged that the petitioner had the " . . . intent to obtain and maintain control of the property . . . ."

To allege the offense of aggravated robbery, V.T.C.A. Penal Code, Sec. 29.03, it is first necessary to allege the elements of robbery as defined by V.T.C.A. Penal Code, Sec. 29.02. Sec. 29.02 provides that a person commits an offense if in the course of committing theft as defined in Chapter 31 of the penal code he with the intent to obtain or maintain control of the property either intentionally, knowingly, or recklessly causes bodily injury to another, or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The indictment under which the petitioner was convicted wholly fails to allege that the petitioner had the " . . . intent to obtain and maintain control of the

property . . . ." Since this allegation, a necessary element of the offense, was not made in the indictment, it is insufficient to allege the offense. See *Ex parte County*, 577 S.W.2d 260 (Tex.Cr.App.1979).

The petitioner is entitled to the relief he seeks; the judgment of conviction will be set aside and the indictment dismissed.

It is so ordered.