**Barry Wayne STONE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0619–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1982.

Discretionary Review Refused Nov. 3, 1982.

Catherine Greene, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before SMITH, STILLEY and PRICE, JJ.

## OPINION

SMITH, Justice.

The appellant was found guilty by a jury on two counts of aggravated robbery. The jury assessed punishment, enhanced by a prior felony conviction, at 99 years imprisonment on each count.

The appellant does not challenge the sufficiency of the evidence; however, to understand the nature of the appellant's complaints a brief recitation of the facts is necessary. On December 29, 1980, the complainants, R_____ Cr_____ and R_____ Cl_____, were in the parking lot of Cr_____'s apartment complex when they

were approached by the appellant. The appellant was holding a pistol and threatened to kill them if they didn't do what he said. When the appellant demanded their money Cl_____ turned over two or three dollars from his pocket and Cr_____ handed over his wallet. The appellant struck Cl_____ with his fist and hit Cr_____ on the left side of his face with his gun. The appellant ordered Cr_____ to perform oral sodomy and then attempted anal intercourse on Cr_____. A resident of one of the apartments had been watching the actions of the appellant from the window of the apartment and had called the police. The appellant was aware that he was being watched by the resident and threatened to shoot at the resident. Although the appellant was aware that the police had been called he continued with the sexual abuse of the complainants.

When the appellant was making a second attempt at anal penetration on Cr_____, a car approached distracting his attention. At this time Cl_____ picked up a piece of brick, struck the appellant along side the head, and ran. The appellant started to chase Cl_____ and was aiming his gun at Cl_____ when a police car arrived. The appellant fired shots at the police car and ran. Other police officers arrived on the scene and the chase and shooting continued. The appellant finally fell, and as two officers pointed their guns at him and ordered him to drop his gun, the appellant raised his gun and pointed it in their direction. The two officers each fired and these shots subdued the appellant. When the appellant was placed in the ambulance, the two complainants recovered the property that had been taken from them by the appellant.

In the punishment hearing the defense called Dr. Mark Skellinger, the surgeon who operated on the appellant. The doctor testified that there were nine bullets in the appellant's chest, legs, and lungs, and described the extensive damage and medical procedures used to save the appellant's life. The appellant testified that he could recall very little of the robbery and shooting due to excessive use of alcohol, marihuana, and preludin.

The appellant first alleges that he was denied effective assistance of counsel in contravention of his Sixth Amendment rights. He alleges that his trial counsel was ineffective for failing to determine the possibility of an insanity defense, for not questioning the appellant's competence to stand trial, and for not supporting the issue of intoxication as mitigation.

In support of his contention that the defenses of insanity and competency to stand trial existed, the appellant refers to witnesses' testimony that the appellant acted like a "crazy man," his physical appearance was "bizarre", he continued sexual abuse even though he realized that the police had been notified, and he continued to run toward a policeman, shooting at him, even though he had been shot and hit several times.

 It is now well-settled law in this state that a defendant in a criminal case is not only entitled to legal representation, but that such representation must be measured by the "reasonably effective assistance" standard. *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961), *Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Cr. App.1980). It is equally well-settled that an attorney has a professional duty to present all available evidence and arguments to support the defense of his client. *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr. App.1977).

 The appellant cites *Duffy,* supra, to support his position that he had ineffective assistance of counsel. In that case, the attorney had been informed that the defendant had been under the care of a psychiatrist who was available to testify, but was not called as a witness. Also in that case, the defendant was taking sedatives during the course of the trial, but was still called as a witness by his attorney. In this case there is no evidence that the appellant had a prior history of psychiatric treatment or hospitalization. The facts of the case indicate that the only reason the appellant was "acting crazy" was due to the use of

drugs and alcohol on the night the incident occurred. There is no evidence to indicate that the defense of insanity was a viable defense. In addition, the appellant's responses to the questions propounded to him during the punishment phase of the trial make it apparent that he was competent to stand trial.

■ The third basis for the appellant's contention that he received ineffective assistance of counsel is that his counsel did not pursue the theory of temporary insanity resulting from intoxication which might have mitigated the punishment assessed. Tex.Pen.Code Ann. Sec. 8.04 provides that evidence of temporary insanity caused by intoxication may be introduced. Sec. 8.01(a) further provides:

It is an affirmative defense to prosecution that,

at the time of the conduct charged, the actor, as a result of mental disease or defect either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

The evidence in this case does not conform with the appellant's position that he might have been temporarily insane. To the contrary, the evidence establishes that the appellant knew that his conduct was *wrong by his informing* the victims that he knew the police had been called, by his fleeing from the police, and by his shootout with the police. There is no evidence of the inability of the appellant to conform. The appellant's first ground of error is overruled.

■ In his second ground of error the appellant urges that the trial court erred in failing to conduct a competency hearing as authorized by Art. 46.02, Tex.Code Crim. Pro.Ann. His basis for such allegation is that witnesses testified that he acted in a "crazy" and bizarre manner. Art. 46.02 provides that a person is incompetent to stand trial if, at the time of the trial, he has insufficient present ability to consult with his lawyer, or if he does not have a rational and factual understanding of the proceed-

ings against him. A trial court is not required to *sua sponte* hold a competency hearing unless sufficient facts or circumstances are brought to the court's attention which constitute evidence to support a finding of incompetency. *Hackbarth v. State,* 617 S.W.2d 944 (Tex.Cr.App.1981).

We are of the opinion that the appellant's testimony during the trial was clear and lucid, and that he made intelligent responses to questions propounded to him. We find no basis for the appellant's second ground of error.

■ The appellant complains in his third ground of error of the introduction of the extraneous offenses of the sexual abuses committed against the complainants. He contends that since the sexual abuses were committed after the robbery, they should have been excluded because the probative value was slight and the prejudice great. Generally, evidence of extraneous offenses should not be admitted; however, where offenses are by continuous assault and are so interwoven as to be part of the same transaction, extraneous offenses are admissible under the *"res gestae rule."* *Ellison v. State,* 419 S.W.2d 849 (Tex.Cr.App.1967). This rule was applied in *Arivette v. State,* 513 S.W.2d 857 (Tex.Cr.App.1974), where evidence of kidnapping, rape and several other offenses was permitted. The evidence in this case reveals that robbery, sexual abuse, assault of the complainants, and the shootout with the police were one continuous criminal transaction. We are of the opinion that the extraneous offenses were so interwoven with the appellant's actions of aggravated robbery as to be part of the same transaction. The appellant's third ground of error is overruled.

The appellant's last ground of error contends that the jury charge was fundamentally defective for failing to properly define the term "theft". He claims that if there is no jury instruction on the definition of appropriation, then the abstract charge is fundamentally defective.

■ An indictment need only allege that aggravated robbery was committed "in the

course of committing theft", and if the term "theft" and "in the course of committing theft," are properly defined in the charge, then applying the law to the facts, the charge need only require the jury to find that the offense occurred "while in the course of committing theft." *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980).

In the present case, the charge in applying the law to the facts required the jury to find that the offense occurred "while in the course of committing theft." It required the jury to find all the component parts of aggravated robbery but it gave an improper definition of "theft." There was no objection made to the definition of "theft," and when there is no objection to the abstract portion of the charge, then such failure is not fundamental error. *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr. App.1981).

We are of the opinion that the appellant waived his objection to the definition of the term theft, and there being no fundamental error, the appellant's fourth ground of error is overruled.

The judgment of the trial court is affirmed.