**Raul C. MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 66968.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 26, 1983.

Hoyt Johnston, Billy H. Gragg, Palestine, for appellant.

Melvin D. Whitaker, Dist. Atty., Palestine, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated robbery; the punishment is imprisonment for 75 years.

In a single ground of error the appellant asserts that, even though there were no motion to quash the indictment, it is fundamentally defective because it omits an essential element of the offense. It is alleged that the appellant:

"did then and there unlawfully while in the course of committing theft and with the intent to appropriate property of Robert Cousins, to wit: UNITED STATES CURRENCY, without the effective consent of the said Robert Cousins, and with intent to deprive the said Robert Cousins of said property, did then and there by using and exhibiting a deadly weapon, a knife, intentionally and knowingly cause bodily injury to Robert Cousins by cutting him with the knife."

The appellant says that the omission of the statutory wording "and with intent to obtain or maintain control of the property" V.T.C.A. Penal Code, Section 29.02(a), is fatal. The omission of this element of the offense has been held to render an indictment fundamentally defective. *Ex parte Snelson,* 601 S.W.2d 358 (Tex.Cr.App.1980). See also *Bilbrey v. State,* 594 S.W.2d 754 (Tex.Cr.App.1980); and *Ex parte County,* 577 S.W.2d 260 (Tex.Cr.App.1979) stating the elements of the offense. However, this indictment alleges that in the course of committing theft the appellant had the "intent to appropriate property." Is this allegation sufficient? We hold that it is.

"Appropriate" is statutorily defined "to acquire or otherwise exercise control over property other than real property" V.T.C.A. Penal Code, Section 31.01(5)B. The use of the word "appropriate" as it is statutorily defined is the equivalent of the omitted language of V.T.C.A. Penal Code, Section 29.02(a).

Although in a somewhat different context, what we have said in *Taylor v. State,* 599 S.W.2d 831 (Tex.Cr.App.1980) is applicable in the instant case and supports our holding:

"The precise question presented is whether in an aggravated robbery case fundamental error attends a charge of the court to the jury applying the law to the

facts which omits the specific intent element of robbery as alleged in the indictment—'with intent to obtain and maintain control of the property'—but, instead states it as 'with intent to appropriate the property.' When, as here, the charge elsewhere instructs the jury that 'appropriate' means 'to acquire or otherwise exercise control over property other than real property,' we find that such a charge is not fatally defective." pp. 834–5.

See also *Thomas v. State,* 605 S.W.2d 290 (Tex.Cr.App.1980); Cf. *Jackson v. State,* 571 S.W.2d 1 (Tex.Cr.App.1978).

The judgment is affirmed.

TEAGUE, J., not participating.