Michael MADDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 250–82.

Court of Criminal Appeals of Texas, En Banc.

Feb. 2, 1983.

Mark C. Hall, Lubbock, for appellant.

John T. Montford, Dist. Atty. and Marvin Williams, Jr., Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

For reasons stated in its published opinion, *Madden v. State,* 630 S.W.2d 380 (Tex. App.—Amarillo 1982), the Court of Appeals found that the trial court erred in failing to grant appellant's motion to suppress his written confession and admitting it into evidence in that his arrest was made without probable cause. Correctness of factual statements set out in that opinion is not seriously challenged by the State..

Presently represented by the State Prosecuting Attorney, what the State does contest, and the principal basis for our granting its petition for discretionary review, is the treatment by the Court of Appeals of the contention made by the State, then through its District Attorney: "The first factor which contributes to the existence of probable cause in this case is the arresting officer's [*inferred*] *knowledge*[1] of the indictment for the prior robbery."[2] The

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. The District Attorney acknowledges that neither the officer who, through a telephone call to the warrant division of the Sheriff's office, learned of a warrant for the arrest of appellant nor the arresting officer testified he knew of an indictment against appellant. Rather, he argues that such knowledge may be inferred from the fact that, he asserts, "Included with the warrant is information regarding a grand jury indictment." The reference is to separate exhibits admitted during hearing on motion to suppress: State's Exhibit 2, the Warrant of Arrest issued August 6, 1979, without an executed return; State's Exhibit 3, a Commitment, unsigned and also dated August 6, 1979, with no return; State's Exhibit 4, a Precept to Serve Copy of Indictment issued August 10, 1979 by the Clerk of the District Court, with completed return reciting after the fact that it "came to hand" on August 10, 1979 and was executed August 21, 1979—the day following appellant's arrest; and State's Exhibit 5, a capias after indictment issued also on August 10, 1979, with a similar return signed August 23, 1979. This information was said by the District Attorney to be "available." Since Sergeant Nelson, who took the "Crime Line" tip and learned of the warrant and passed that information along to Detective Brown, who made the arrest, the District Attorney theorized that such probable cause as known by Nelson may be attributed to Brown.

Court of Appeals rejected the contention because it was unable to find anything of record "to indicate any of the officers involved in the arrest knew of the indictment," *Madden v. State,* supra, at 382, n. 3.[3] Now, however, the State asserts that such disposition of its contention "appears in direct conflict with ... *Hamrick v. State,* 495 S.W.2d 256 (Tex.Cr.App.1973)."

> "It is well established that probable cause to arrest exists where the facts and circumstances within the knowledge of the arresting officer and *of which he has reasonable trustworthy information* would warrant a reasonable and prudent man in believing that a particular person has committed a crime. [citations omitted.]"

*Jones v. State,* 565 S.W.2d 934, 936 (Tex.Cr. App.1978). It is axiomatic, moreover, that an indictment returned by a properly constituted grand jury reflects its determination that there is probable cause to believe the offense alleged has been committed by the named accused, and it is conclusive on the issue of probable cause. *Hamrick v. State,* supra, and cases cited therein. But the question not discussed in *Hamrick* is whether an arrest of an accused by an officer purporting to act under an *invalid* warrant for arrest becomes valid on account of the existence of an indictment and a capias issued thereon—about which the ar-

resting officer had no knowledge whatsoever.[4]

We pause to note that *Hamrick* has since been cited by the Court only twice: in the course of conceded dicta in *Merriweather v. State,* 501 S.W.2d 887, 891[5] (Tex.Cr.App. 1973) and in *Pecina v. State,* 516 S.W.2d 401, 404[6] (Tex.Cr.App.1974).

The Court divided in the disposition of the cause in *Pecina v. State,* supra. Concurring with the majority, as pertinent here, Judge Douglas opined:

> "When an indictment and a capias ordering an arrest are in the hands of a district clerk but were unknown to the officer as they were in *Hamrick v. State* ..., are sufficient for an arrest, the *valid* orders for arrest in warrants in possession of an officer are sufficient for an arrest." *Id.,* at 404.

Of course, that formulation is not applicable in the case at bar for all now agree that the warrant known to the officers was invalid for failure of its supporting affidavit to state probable cause. *Madden v. State,* supra, at 382.

Judge Odom dissented in *Pecina v. State,* supra, at 405–406. The question posed by him—equally raised here—was:

> "Since it is undisputed that the commands to arrest of the warrants in this case were never effectively communicated to the arresting officers, how can the

---

**3.** The Court of Appeals further noticed that an after indictment capias is "statutorily insufficient to support an arrest because it fails to name the offense charged," as required by Article 23.02, § 3, V.A.C.C.P., *ibid.* Indeed, the capias does not "specify the offense of which the defendant is accused." Compare *Garcia v. State,* 453 S.W.2d 822, 823 (Tex.Cr.App.1970).

**4.** However, the Court would later advert to that point in *Pecina v. State,* 516 S.W.2d 401, 404 (Tex.Cr.App.1974), where it summarized *Hamrick* and stated that the conclusion therein had been reached "irrespective of the fact that the officers testified that they relied on the warrant in effecting the arrest and were unaware that an indictment had been returned."

**5.** "Appellant also argues that since the outstanding warrant for appellant's arrest was defective the arrest and subsequent search of appellant were illegal. This argument need not be considered because the trial court ruled that

the outstanding warrant was defective and that it would not be considered for any cause for the arrest and search of defendant. We note, however, that ... (a) search incident to an arrest valid on one ground is not an illegal search merely because the arrest would be invalid if supported only by a faulty warrant. *Hamrick v. State...*"

**6.** "Apparently, the officers who arrested appellant thought the authority to arrest conferred on them by the warrants applied only to appellant if found at her home or in her automobile. The fact that the officers were mistaken in their interpretation of the warrants cannot vitiate the validity of appellant's arrest under the warrants. At the time of appellant's arrest the officers were armed with a valid arrest warrant. Therefore, the search ... incident to the arrest, was valid."

majority say these unknown commands gave any authority to the officers?"

After examining the record Judge Odom discerned, "Every probative bit of evidence on the issue refutes the conclusion of the majority that the arrest was made 'under the warrant.' The fact that an arrest *could* have been made under the warrants does not validate an arrest not made thereunder... [emphasis in original]." Then, the vice in the conclusion of the majority was pointed out:

> "Extended to its logical conclusion, the majority's position would hold that any arrest made subsequent in time to a valid arrest warrant will in contemplation of law be an arrest under that warrant.... And yet, despite this *fact* that the command to arrest was never communicated, the majority would hold as a matter of *law* that the arrest was made 'under the warrant' [emphasis in original]." *Id.,* at 406.

We now subscribe to the logic of the dissenting opinion of Judge Odom in *Pecina,* and overrule *Hamrick v. State,* supra, as well as disavow its conclusion, as expressed by the majority in *Pecina,* supra, at 404. We hold that an arrest of an accused by an officer purporting to act under an invalid warrant for arrest is not made valid by the existence of an indictment and capias for the arrest of an accused about which the arresting officer has no knowledge since an extant command to arrest has never been communicated to him.

Finally, we agree with the conclusion of the Court of Appeals that the State did not show sufficient probable cause for the warrantless arrest of appellant.

Accordingly, the judgment of the Court of Appeals is affirmed.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., dissent.

TEAGUE, J., not participating.