**Rubin Lee MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0208–CR.**

Court of Appeals of Texas, Tyler.

April 14, 1983.

Rehearing Denied May 4, 1983.

Discretionary Review Refused July 20, 1983.

Guy W. Griffin, Center, for appellant.

John S. Walker, Dist. Atty., Center, for appellee.

McKAY, Justice.

Appellant was convicted in a jury trial of aggravated robbery and punishment was assessed by the jury at confinement for fifty years.

In his first ground of error appellant maintains the indictment is fundamentally defective because it omits necessary allegations for the offense of aggravated robbery.

Counsel for the State has not filed a brief with this court.

The indictment reads in part as follows: ... did then and there while in the course of committing theft and *with intent to obtain property* of Norrid Watkins and Sandra Yarborough, to-wit, money and jewelry, without the effective consent of the said Norrid Watkins and Sandra Yarborough with the intent to deprive the said Norrid Watkins and Sandra Yarborough of said property, did then and there by using and exhibiting a deadly weapon, to-wit, a firearm, intentionally and knowingly place Norrid Watkins and Sandra Yarborough in fear of imminent bodily injury and death by threatening to shoot them with said firearm .... (Emphasis added.)

Section 29.02, Tex.Penal Code Ann. (Vernon 1974) (Robbery) provides in part:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and *with intent to obtain or maintain control of the property,* he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. (Emphasis added.)

Section 29.03, Tex.Penal Code Ann. (Vernon 1974) (Aggravated Robbery) provides:

(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon.

It is noted that the indictment contains the language "with intent to obtain property," while the statutory provision is "with intent to obtain *or maintain* control of the property."

In *Ex parte County,* 577 S.W.2d 260, 261 (Tex.App.1979), it is said:

The elements of aggravated robbery are (1) a person (2) in the course of committing theft (3) with the intent to obtain or maintain control of property either (4a) intentionally, knowingly or recklessly (5a) causes bodily injury or (4b) knowingly or intentionally (5b) threatens or places another in fear of imminent bodily injury or death *and* either (6a) causes serious bodily injury to another or (6b) uses or exhibits a deadly weapon. (Emphasis added.)

*Ex parte Snelson,* 601 S.W.2d 358, 359 (Tex.Cr.App.1980), citing *Ex parte County, supra,* holds that the allegation "[with] intent to obtain and maintain control of the property" is a necessary element of the offense of aggravated robbery, and the indictment is insufficient if it does not contain that allegation. And *Ex parte Santel-*

*lana,* 606 S.W.2d 331, 333 (Tex.Cr.App.1980), holds that the language "intent to obtain or maintain control of the property" deals with the offender's state of mind regarding the property in question.

Article 21.17, Tex.Code Crim.Pro., provides, "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." There are many cases which have followed this statute. *Nixon v. State,* 572 S.W.2d 699, 702 (Tex.Cr.App.1978), holds that it is not necessary to allege the exact words of the statute where there is no material difference between the allegations, and that " 'obtain' refers to the initial portion of exercising control; 'maintain' refers to the continuation of exercising control. The words are sufficiently similar and there is no material difference." The indictment in *Nixon* was held to be proper where it alleged "with intent to exercise control over property . . . ."

The court held in *Hightower v. State,* 629 S.W.2d 920, 922–3 (Tex.Cr.App.1981, rehearing denied April 1982), that "The offense of aggravated robbery, under V.T.C.A. Penal Code, Sec. 29.03, is no longer an aggravated form of theft, but is rather a form of assault. *Ex parte Lucas,* 574 S.W.2d 162 (Tex.Cr.App.). It has thus been held that it is unnecessary to allege the elements of theft in an aggravated robbery indictment. *Earl v. State,* 514 S.W.2d 273 (Tex.Crim. App.)."

The most recent case we have found is *Martinez v. State,* 644 S.W.2d 486 (Tex.Cr. App.1983), in which the indictment alleged "did then and there unlawfully while in the course of committing theft and *with the intent to appropriate property of* . . . ." It was held that such allegation was sufficient in that the language used was equivalent to the statutory language.

◼ We hold that the language in the indictment in the instant case, "with the intent to obtain property" was equivalent to the statutory language and therefore sufficient. Black's Law Dictionary (Re-

vised Fourth Ed.1968), at p. 1228, defines "obtain" as "to get hold of by effort; to get possession of; to procure; to acquire, in any way."

Appellant's first ground of error is overruled.

◼ In his second ground appellant contends that the trial court committed fundamental error because the court's charge did not require the jury to find that the offense occurred "while in the course of committing theft."

The charge to the jury read, in part, " . . . the defendant, Rubin Lee Morgan, with intent to deprive Norrid Watkins and Sandra Yarborough, the owners, of said property, to-wit, money and jewelry, did unlawfully appropriate said money and jewelry belonging to [injured parties], and that the Defendant, in so doing, and with intent to obtain or maintain control of said money and jewelry, . . . . "

In *Rohlfing v. State,* 612 S.W.2d 598, 602 (Tex.Cr.App.1981), the trial court did not define "in the course of committing theft," but did define for the jury the offense of aggravated robbery, and by the charge the jury was not authorized to find the defendant guilty without finding all the elements of aggravated robbery. *Rohlfing* also holds failure to define "in the course of committing theft" is not fundamental error. *Hightower v. State, supra,* cites with approval *Earl v. State, supra,* for the statement "it is unnecessary to allege the elements of theft in an aggravated robbery indictment"; it follows that it is unnecessary to include in the charge to the jury the language "while in the course of committing theft," where the charge required the jury to find all the elements of aggravated robbery.

The very recent case of *Olveda v. State,* 650 S.W.2d 408 (Tex.Cr.App.1983), follows *Rohlfing.*

In the instant case there was no objection to the charge, and where there is no objection to the abstract portion of the charge given in a prosecution for aggravated robbery, a charge which requires the jury to

find all the component parts of aggravated robbery but gives an improper definition of theft does not constitute fundamental error. *Stone v. State,* 638 S.W.2d 629, 633 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd). We find that the trial court submitted the essential elements of aggravated robbery to the jury, and therefore there was no fundamental error. Ground of error two is overruled.

By his third ground appellant says there was error in denying his motion to set aside the indictment because he was denied a speedy trial pursuant to art. 32A.02, Tex. Code Crim.Pro. Appellant filed a motion to set aside the indictment on July 18, 1980, alleging that 120 days had elapsed since the commencement of the criminal action against him. The motion is silent about the date the criminal action against him was commenced, but the record indicates he was arrested on a felony warrant and was placed in the custody of Shelby County officers on January 23, 1980. The State filed a written announcement of ready on March 10, 1980, the date of indictment. Appellant was arraigned on April 17, 1980, and on that date the State again announced ready. The State advised the court that due to the crowded condition of the docket the case might not be reached, and that a Governor's warrant had been issued for appellant. Appellant's counsel then announced ready, but he offered no evidence and made no objection.

Deputy Sheriff Johnson testified appellant had remained in jail in Shelby County from the time of his arrest until July 22, 1980, when pre-trial proceedings were begun.

We find nothing in the record to contradict or dispute the District Attorney's statement in open court that the docket was too crowded at the April session of court to reach appellant's case. There is no finding by the court on this question. We also

must assume from the record that April, 1980, was the first trial session after appellant's indictment, and that July 1980 was the next trial session. Appellant was tried in July, 1980, the same month his motion to quash was filed.

The State announced ready in writing on March 10, 1980. The State announced ready again on April 17, 1980. Where a defendant fails to present evidence which is sufficient to rebut the State's announcement of ready, the announcement constitutes a prima facie showing that the provisions of the statute have been complied with. *Lopez v. State,* 628 S.W.2d 82, 84 (Tex.Cr.App.1982), and cases there cited. We find no evidence in the record to rebut the State's announcement of ready in March, nor in April, even though appellant also announced ready in April. Appellant asserted his right to a speedy trial by filing his motion to quash on July 18, 1980, and his trial began on July 22, 1980. We find no error. *Phipps v. State,* 630 S.W.2d 942, 946–7 (Tex.Cr.App.1982); *White v. State,* 630 S.W.2d 900, 902 (Tex.App.—Amarillo 1982, pet. ref'd). Appellant's third ground is overruled.

The complaint in ground four is that the trial court erred in denying appellant's motion to suppress his confession and the evidence of his out-of-court identification because such evidence was the fruit of an illegal and invalid warrant of arrest.

The complaint,[1] signed by Newton Johnson, Jr., Deputy Sheriff of Shelby County, for the issuance of a warrant of arrest of appellant was sworn to before Billy E. Ballard, Justice of the Peace, Precinct No. 1, Shelby County. Such complaint does not contain any information, either personally known by Johnson, or obtained by hearsay, which led him to believe that appellant had committed aggravated robbery. The magistrate issued the warrant of arrest even

1. "Before me, the undersigned authority, on this day personally appeared Newton Johnson, Jr. who, after being by me duly sworn, on oath deposes and says: That heretofore, to-wit, on or about the 26 day of July, A.D. 1979, and before the making and filing of this Complaint, in the County of Shelby and State of Texas, Rubin Lee Morgan and Benjamin Lynn Burke did then and there unlawfully and wilfully rob Watkin's Jewelry Store, Center, Texas of merchandise and cash with use of a gun...."

though he was not informed of the circumstances from which the Deputy Sheriff affiant had concluded that appellant had robbed the jewelry store. The sworn complaint was nothing more than the conclusion of Deputy Johnson that appellant participated in the armed robbery.

■ It is now the rule that facts must be presented in affidavits in support of the issuance of either a search warrant or an arrest warrant, and the facts should be sufficient for the magistrate to determine the question of probable cause. *Aguilar v. Texas,* 378 U.S. 108, 114–15, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964); *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1970); *Evans v. State,* 530 S.W.2d 932, 935 (Tex.Cr.App.1975).

■ Mere conclusions will not support the issuance of a search warrant or a warrant of arrest. *McInnis v. State,* 634 S.W.2d 912, 914 (Tex.App.—Houston [1st Dist.], 1982, no pet.). We are bound by the four corners of the affidavit or sworn complaint in passing on its sufficiency. *Evans v. State, supra* at 936. The complaint must set out the underlying circumstances upon which the informer concluded that the accused committed the act, and the basis for the affiant's belief that the informer is reliable. *Madden v. State,* 630 S.W.2d 380, 382 (Tex.App.—Amarillo 1982), *aff'd* 644 S.W.2d 735.

■ Since the complaint upon which the arrest warrant was issued supplies nothing more than the conclusion that appellant committed the offense, it did not supply the magistrate with information to support an independent determination that probable cause existed for the issuance of the warrant. *Alonzo v. State,* 591 S.W.2d 842, 846 (Tex.Cr.App.1979). We hold it to be invalid.

Since we have held that appellant's arrest was made without probable cause, the arrest and detainment were unlawful. We now consider the question whether his signed confession was the result of or so connected with his unauthorized arrest and detention as to permit the use of such statement at his trial. After the hearing on the motion to suppress appellant's confession, the trial court found that the confession was signed by appellant, that it was a voluntary statement, and that it was given freely and voluntarily without persuasion or compulsion. Accordingly, the motion to suppress was denied.

The jewelry store was robbed on July 26, 1979. Appellant was arrested in Houston by Houston police who informed the Sheriff's office at Center, Texas, on January 23, 1980, that appellant was in custody. Appellant was taken before a magistrate in Houston who read him the Miranda warning, and at about 6:00 p.m. he was taken to Center by Deputy Johnson, arriving there about ten o'clock that night. The next day, at 10:45 a.m., Justice of the Peace Ballard arraigned appellant and again gave him the Miranda warning. Ballard testified appellant made no statement to him or request of him.

Deputy Johnson testified that appellant was not questioned nor talked to during the trip to Center other than he was asked if he wanted a coke or cigarettes. On January 25, 1980, two days after appellant was taken to Shelby County, Johnson took a statement from appellant detailing his participation in the jewelry store robbery. Dorothy Littleton, secretary for the Sheriff's office, was with Johnson while appellant made an oral statement; she reduced it to writing and appellant signed it and Littleton and Johnson witnessed it. Johnson said he again admonished appellant of his rights before the statement was made, and such was made a part of the statement. Johnson said appellant said he understood his rights, and acknowledged that no one had denied him any rights, threatened or mistreated him or forced him in any way to make the statement, and that no one had promised him anything. Johnson further said appellant did not want to talk to a lawyer at any time he was discussing the case with him, that he waived the right to the advice and presence of a lawyer, and did not ask that his conversation with him be stopped. It

was Johnson's further testimony that appellant could read and that he read the typed statement and the only changes he indicated were two or three misspelled words by which he put his initials. Johnson also said that from the time he took appellant into custody in Houston he was not deprived of food or drink, was not threatened or physically abused, and to his knowledge he was not promised anything if he would sign a confession, and appellant was sober at all times in his presence.

The witness Littleton testified that appellant told her in narrative form about the robbery, she took it down in shorthand, transcribed it, and he read it and signed it in her presence and that of Deputy Johnson. She said he did not appear to be in any distress or physical discomfort, did not appear to be a person who had been drinking, and appeared to know what he was doing. She further testified that no one threatened or abused appellant in her presence, nor did anyone make any promises of benefits he might receive if he signed the statement.

Appellant testified on the motion to suppress the confession that he asked for an attorney when he was taken before a magistrate in Houston, but was told he would have counsel appointed for him in Shelby County. He said he was questioned by Deputy Johnson en route from Houston, and he told Johnson he did not wish to answer any question before he talked with an attorney, but that Johnson told him he was not in Houston and "They do things different down here." He further said Johnson was talking about stopping on the highway and whipping him, and the man riding with Johnson said "he believed I would get my business straight." Appellant said a Judge Johnson gave him his statutory rights warning when he arrived at the jail in Center, and gave him a copy, and he requested a lawyer at that time but was told he had to make an affidavit for one and then requested an affidavit but none was made. He said he then asked to make a phone call and was told he could make one later.

It was the further testimony of appellant that the following morning Deputy Johnson and Officer Burkhalter questioned him; that he asked for an attorney before the questioning but was not allowed to get one, and it was "sixty something" days after his arrest before he talked to an attorney. He said he was questioned five or six times by Johnson and Burkhalter before he gave his statement on January 25th, and that he was forced to answer questions in that he was called up about eleven o'clock on the 24th and Johnson said he was tired messing with him, and Burkhalter told him he better not lie but better tell the truth. He said he was then asked if he had ever been to Shelby County before, and he answered he had not, and then Burkhalter grabbed him and tried to pull him up and throw him against the wall, grabbed him under his neck and started choking him and said to him "you are going to tell the truth now," and he then told Burkhalter that he would tell him anything he wanted him to tell. He said it was 12:30 that night "before they let me go."

In further testimony appellant said he told Johnson and Burkhalter the next morning that he did not wish to make a statement, and that when he asked Johnson "about my counsel" he put his hand on his pistol and told him "this was the only attorney" that he would get. He also testified he was given a pint of Black Velvet alcoholic beverage before lunch on the 25th and Johnson told him to drink it and he did drink it in Johnson's office. He said he was returned to his cell but did not eat lunch because he was not hungry, but when the questioning began in Johnson's office about one o'clock he was drunk and did not understand what he was doing. In further testimony appellant said he made no statement to Dorothy Littleton or Johnson but Johnson dictated a statement to her, and that he signed the statement because he had told Johnson on the 24th "anything he wanted, I would tell him," and that if he would write it down he would sign it, and he told him that to keep Johnson from jumping on him because he was scared of him and for his life. He said he signed the statement because Johnson told him to do so, and that he

did not make any voluntary statement at any time.

The trial court passed upon the legality and admissibility of the confession by overruling the motion to suppress and he did so in the following language:

... based upon the evidence presented the Court finds the State's Exhibit Number 4 was signed by the defendant, Rubin Morgan, that it is a voluntary statement of this defendant, Rubin Morgan, that it was given freely and voluntarily, without persuasion or compulsion, and the Motion to Suppress such statement is hereby overruled and denied.

The jury was instructed that if they believed any evidence was obtained in violation of the constitutional or statutory rights of the defendant then they must disregard such evidence and they must not give such evidence any force or effect whatsoever as evidence in determining the guilt of the defendant. The jury thus passed upon the issue by finding appellant guilty.

■ Although appellant's arrest was unlawful, it does not necessarily follow that the confession was inadmissible. If it is shown that the confession was voluntary, and an act of free will, such showing will purge the taint of the unlawful arrest, and the confession is admissible. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Alonzo v. State, supra* at 847.

It is said in *Brown v. Illinois, supra,* 422 U.S. at 603–604, 95 S.Ct. at 2261:

The question whether a confession is the product of a free will under Wong Sun must be answered on the facts of each case. No single fact is dispositive. The workings of the human mind are too complex, and the possibilities of misconduct too diverse, to permit protection of the fourth Amendment to turn on such a talismanic test. The *Miranda* warnings are an important factor, to be sure, in determining whether the confession is obtained by exploitation of an illegal arrest. But they are not the only factor to be considered. The temporal proximity of the arrest and the confession, the presence of intervening circumstances, see *Johnson v. Louisiana,* 406 U.S. 356, 365, 92 S.Ct. 1620 [1626] 32 L.Ed.2d 152 (1972), and particularly, the purpose and flagrancy of the official misconduct are all relevant.

It is noted that *Brown v. Illinois, supra,* sets out factors to be considered in determining whether a causal connection exists between a confession and an illegal arrest: (1) the temporal proximity of the arrest and the confession; (2) the presence of intervening circumstances; (3) the purpose and flagrancy of official misconduct; and (4) whether *Miranda* warnings were given.

A similar fact situation as is found here was before the court in *Alonzo v. State, supra.* There the appellant testified to coercive conduct by the officers by threats and actions of stomping on his foot, grasping his hair, hitting him on the neck, and then he was told he would be killed if he did not make a statement. The officers testified that appellant voluntarily told them "I want to get my part of this thing straightened out," and after reading appellant his rights the officer and appellant sat around a table while another officer typed what appellant said. The court in *Alonzo* said at p. 846:

The trial court found that appellant made his confession freely and voluntarily without compulsion or persuasion. The trial court is the sole judge of the weight of the testimony and the credibility of the witnesses at a hearing on the voluntariness of a confession. *Myre v. State,* 545 S.W.2d 820 (Tex.Cr.App.1977); *Aranda v. State,* 506 S.W.2d 221 (Tex.Cr.App.1974). There was evidence to support his findings in this case, and we now sustain those findings. No error is shown.

■ The fact situations in *Madden v. State, supra,* and *Green v. State,* 615 S.W.2d 700 (Tex.Cr.App.1981), are considerably different than the instant case: (1) the time factor was different; (2) circumstances were different; and (3) the number of *Miranda* warnings given over a longer time span was different. The instant case also differs from the facts in *Brown v. Illinois,*

*supra.* Even if appellant's confession was taken while he was in custody by reason of an invalid arrest, such confession would nevertheless be admissible if there is evidence in the record, before the court ruled on its admissibility, which would support his finding that the requirements of Art. 38.22, Tex.Code Crim.Pro., had been met, and that appellant's "decision to waive his rights and make a confession was an act of free will on his part and not an act influenced by the circumstances surrounding his unlawful arrest." *Hobson v. State,* 627 S.W.2d 532, 535 (Tex.App.—Corpus Christi 1982), *aff'd,* 644 S.W.2d 473 (1983), and cases there cited. We find ample support in the record for the action of the trial court in denying the motion to suppress appellant's confession.

We hold that the record does not show that the confession of appellant was derived through exploitation of the illegal arrest; the record does show that the causal connection between the arrest and the confession was broken, and that the confession was sufficiently an act of free will to purge the primary taint. We overrule the fourth ground.

Appellant's fifth and last ground of error complains that his motion for change of venue was improperly overruled. The motion was supported by an affidavit signed by one John R. Smith and appellant's trial counsel. The State controverted the motion with affidavits of two persons. The trial court carried the motion along pending the result of the jury selection process. The motion alleged that there existed in Shelby County great prejudice not only against appellant, but also against the court system in general in the county, to the extent that he could not obtain a fair and impartial trial in the county.

After the voir dire examination of the jury panel the parties made their strikes, the jury was selected and sworn. The court then overruled the motion for change of venue. Appellant made no further complaint that he was required to take any juror who was objectional to him. We find nothing for review; appellant's fifth ground of error is overruled.

Appellant has also filed a pro se brief in which he raises two grounds of error. He first contends the evidence is insufficient to establish his guilt because there is a fatal variance between the allegations in the indictment and the proof offered at trial; and, his second contention is that "the trial court committed fundamental error that cause for this conviction to be set aside, because the evidence produced by Appellant's statement (exculpatory statement) introduced in evidence by the State procutor (sic) was not sufficiently rebutted by the State's witnesses to prove the statement to be inculpatory." We have reviewed these grounds and find that they have no merit. Any further discussion of the contentions raised in the pro se brief would add nothing to the jurisprudence of the State.

Judgment of the trial court is affirmed.