**Abraham RAINEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09 82 045 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 9, 1983.

Don Duran, Lufkin, for appellant.

Gerald Goodwin, Dist. Atty., Lufkin, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of the offense of robbery which found the enhancement paragraph of the indictment to be true. The court assessed his punishment at confinement for a period of thirty years.

■ Appellant first complains of error in "overruling Defendant's Motion to Quash indictment because said indictment did not define owner and therefore did not give adequate notice to the Defendant of the type of ownership alleged by the State." For the reasons stated in *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1980), it is not necessary to define the term "owner", as alleged in the indictment, and there was no clear abuse of discretion in refusing to quash the indictment. *Thomas v. State,* supra. This ground is overruled.

By his third ground of error, appellant contends his conviction is void "in that the Trial Court did not have jurisdiction, because there was a failure to allege in the indictment that Appellant had 'intent to obtain and maintain control of the property' which is a necessary element of the offense of robbery."

The elements of robbery are defined by *TEX. PENAL CODE ANN. Sec. 29.02* (Vernon 1974), wherein it is provided that a person commits an offense if in the course of committing theft as defined in Chapter 31 of the Penal Code he with the intent to obtain or maintain control of the property either intentionally, knowingly, or recklessly causes bodily injury to another, or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

■ Appellant did not file a motion to quash the indictment upon grounds urged herein and we must therefore consider this ground of error as an attack upon the indictment as being fundamentally defective.

The indictment in the case at bar alleges: "... while in the course of committing theft and with intent to appropriate property of Raymond Eugene Burgess, the owner of the following described property, to-wit: U.S. Currency without the effective consent of said owner and intent to deprive the said owner of said property, did then and there intentionally and knowingly place Raymond Eugene Burgess in fear of imminent bodily injury."

Appellant relies upon *Ex parte Snelson,* 601 S.W.2d 358 (Tex.Cr.App.1980), as authority for holding the indictment in the case at bar to be fundamentally defective. The Court, in *Snelson,* states that the indictment there being considered (in a post-conviction proceeding) wholly failed to allege that the petitioner had the " 'intent to obtain and maintain control of the property' " and since such an allegation, a necessary element of the offense, was not made in the indictment, it was insufficient to allege the offense. However, in *Snelson,* there is no indication that any other allegation was made in that indictment that would be sufficient to allege an intent to obtain and maintain control of the property. There is an allegation in the indictment in our case to show such an intent.

The indictment alleges that appellant, while in the course of committing theft had the "intent to appropriate property" of the complainant and the "intent to deprive the owner of said property ...." The term "appropriate" is defined by *TEX. PENAL CODE ANN. Sec. 31.01(5)(B)* (Vernon Supp.

1982–1983) as "to acquire or otherwise exercise control over property other than real property." The allegation to appropriate— meaning to acquire or exercise control of property—comes within the ambit of *TEX. CODE CRIM. PROC. ANN. art. 21.17* (Vernon 1966) which provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

There is no material difference between the use of the word "appropriate", as used in the indictment, and the words "obtain or maintain control of the property", as stated in *TEX. PENAL CODE ANN. Sec. 29.02.*

In construing indictments, the context and subject matter in which the words are employed should be taken into consideration. *Butler v. State,* 551 S.W.2d 412 (Tex.Cr.App.1977). When construed as a whole, the indictment in the case at bar clearly stated and apprised appellant that he was charged with having the intent to obtain or maintain control of the property when the terms "appropriate" and "intent to deprive the said owner of said property" were alleged. Even though inarticulately drawn, the indictment is not fundamentally defective. This ground is overruled.

Appellant next complains of error in "allowing the State's witness to refer to a previous trial of the Defendant for the same offense."

The indictment in this case alleged, for enhancement purposes, a prior felony conviction in March, 1975, in Cause No. 7586 in the 159th Judicial District Court of Angelina County, Texas. During the punishment phase of appellant's trial of the case at bar, the records of such prior conviction were introduced in evidence, with Exhibit No. 4, a fingerprint card bearing appellant's fingerprints, being included within such records.

Appellant's counsel, during cross-examination of the State's witness, a police officer, propounded the following question with reference to Exhibit No. 4:

"Q. Okay. And whose possession has this been in since October 13, 1968?

"A. Well, it's been in the custody of the Court since the last trial. Prior to that it was in the custody of the Lufkin Police Department."

The answer of the witness was given in response to the question asked by appellant's counsel. Appellant moved that the answer be stricken upon the grounds that it was unresponsive. This motion or objection was overruled. This answer was responsive to the question. The answer stated very clearly in whose possession the card had been during the period about which the inquiry was made. Moreover, the words "last trial" could have, insofar as the record in this case shows, referred to the trial in Cause No. 7586 in which appellant was convicted of the prior felony. This ground is overruled.

Appellant's fifth and sixth grounds of error complain of error in "allowing [complainant] to identify the Defendant in Court" and "in admitting into evidence the appellant's hat, undershirt and coat because same were seized without a search warrant."

At the time complainant was testifying, he positively identified appellant as the person who had robbed him. Appellant made no objection to this identification. In the absence of an objection to this evidence, there is nothing preserved for review. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App. 1980); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978).

It is appellant's primary complaint that the court erroneously permitted testimony referring to the manner in which identification by the complainant was made after appellant was arrested and brought before the complainant for identification. The State did not introduce this evidence. It was introduced by appellant himself. In all fairness to appellant's counsel, we point out that appellant testified, out of the presence of the jury and immediately before the presentation of the State's case, that even

though his counsel advised against such action, and fully explained that such action might well prejudice his case and would "lose a valuable point of error" by bringing such matters before the jury, appellant instructed his counsel to present to the jury all matters relating to his identification by complainant after his arrest and also to introduce the hat, undershirt and coat taken from his house by the arresting officers. Such items were then introduced into evidence by appellant's counsel. This court will not reverse a conviction for actions deliberately committed by appellant after having been properly and adequately advised by his counsel to refrain from such actions. Appellant cannot now be heard to complain of the evidence admitted under such circumstances. These grounds of error are overruled.

Appellant's second ground of error has been carefully considered and, being without merit, it is overruled.

The judgment is AFFIRMED.