**Arthur BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00238–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 5, 1986.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Miguel Rodriguez, Barbara Hervey, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for aggravated robbery. Trial was before the court, without jury, and the evidence was by written waiver and consent to stipulations of testimony and stipulations. The trial court found appellant guilty as charged and assessed punishment at ten (10) years' confinement. We affirm.

The sufficiency of the evidence is not challenged, and the sole question before us is whether the indictment is fundamentally defective. Specifically, appellant contends that the indictment failed to allege one of the essential elements of robbery: "causing bodily injury, or placing another in fear of imminent bodily injury or death."

The indictment in the instant case charges as follows, viz:

On or about the 30th day of December, A.D., 1979, Arthur Banks hereinafter called defendant, did then and there intentionally and knowingly cause serious bodily injury to Aileen Rahn, herein after called complainant, by stabbing the said Aileen Rahn with a knife, while the said defendant was in the course of committing theft or property, namely: One (1) purse from said complainant, the owner of said property without the effective consent of said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of said property; ...

TEX.PENAL CODE ANN. § 29.03 (aggravated robbery) provides:

(a) a person commits an offense if he commits robbery as defined in Sec. 29.-02 of this code, and he:

(1) causing serious bodily injury to another; or

(2) using or exhibits a deadly weapon.

(b) an offense under this section is a felony of the first degree.

TEX.PENAL CODE ANN. § 29.02 (robbery) provides:

(a) a person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain of the property, he:

(1) intentionally, knowingly, or recklessly, causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

(b) an offense under this section is a felony of the second degree.

The indictment for aggravated robbery must allege the elements of robbery under section 29.02 of the Penal Code, *supra,* which provides that a person commits an offense if in the course of committing theft, with intent to obtain or maintain control of property, he either intentionally, knowingly or recklessly causes bodily injury to another, or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Ex parte Snelson,* 601 S.W.2d 358 (Tex.Crim.App. 1980). Allegation and proof of either of the two statutory means of aggravation will be sufficient to support a conviction for aggravated robbery. *See Sidney v. State,* 560 S.W.2d 679, 681 (Tex.Crim.App. 1978). In the case at bar, the indictment alleges that appellant intentionally and knowingly caused serious bodily injury to Aileen Rahn, the complainant, by stabbing the said Aileen Rahn with a knife, in the course of committing theft of property. An indictment which charges an offense in the terms of the statute is generally sufficient. *Baldwin v. State,* 538 S.W.2d 109, 111 (Tex.Crim.App.1976). The assertion that the indictment is fundamentally defective is without merit. The ground of error is overruled.

The judgment of the trial court is affirmed.