MEMORANDUM OPINION

No. 04-03-00470-CR

Richard Allen MARTIN,
Appellant

v.

The STATE of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CR-5261
Honorable Philip A. Kazen, Jr., Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Alma L. López, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   June 8, 2005

AFFIRMED
            Richard Allen Martin pled nolo contendere to a retaliation charge on May 14, 2003.


 The
trial court sentenced Martin to ten years incarceration, the statutory maximum for the offense, and
a fine of $1,000. Martin’s court-appointed appellate attorney filed a brief in accordance with Anders
v. California, 386 U.S. 738 (1967), in which he concludes that the appeal has no merit. Counsel
provided Martin with a copy of the brief and informed him of his right to review the record and file
his own brief. See Nichols v. State, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.);
Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Martin
subsequently filed a pro se brief asserting ineffective assistance of counsel. Martin contends his plea
was involuntary because it was made while he was under the influence of psychotropic medication
and that his trial counsel was ineffective in failing to request permission to withdraw the plea on that
basis.
            To prevail on a claim for ineffective assistance of counsel, Martin must first show by a
preponderance of the evidence that counsel’s performance was deficient, i.e.; that his assistance fell
below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687 (1984);
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In addition, Martin must show a
reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different. Thompson, 9 S.W.3d at 812. “There is a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional assistance.” Id. at 813. “To
defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” Id. at 814. 
            On appeal, Martin contends that his plea was involuntary and that he did not fully understand
the effects of his plea because of the medication he was taking at the time he entered the plea. The
record before us, however, does not support Martin’s claim.
            A trial court may not accept a plea of guilty unless it appears that the defendant is mentally
competent and the plea is made freely and voluntarily. See Tex. Code Crim. Proc. Ann. art. 26.13
(b) (Vernon 1989); Ex parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985); see also Stone
v. State, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996) (no contest plea has the same legal effect as
a guilty plea). Article 26.13 requires a trial court to give specific admonishments to a defendant who
intends to plead guilty or no contest. Tex. Code Crim. Proc. Ann. art. 26.13 (a) (Vernon Supp.
2004-05). Proper admonishment by the trial court creates a prima facie showing that a plea was
voluntary. Crawford v. State, 890 S.W.2d 941, 944 (Tex. App. — San Antonio 1994, no pet.). The
defendant then has the burden to prove that he did not understand the consequences of his plea. Tex.
Code Crim. Proc. Ann. art. 26.13 (c) (Vernon 1989); Rodriguez v. State, 933 S.W.2d 702, 706
(Tex. App. — San Antonio 1996, pet. ref’d). We examine the record as a whole to determine
whether a plea was voluntary. Brown v. State, 11 S.W.3d 360, 362 (Tex. App. — Houston [1st
Dist.] 2000, pet. ref’d). If the defendant asserts at the time of his plea that he understands the nature
of the proceedings, the indictment allegations are true, and his plea is not the result of any outside
influence, he has a heavy burden on appeal to prove that his plea was involuntary. Rodriguez, 933
S.W.2d at 706. 
            Here, the record reflects that Martin received both written and oral admonishments. Tex.
Code Crim. Proc. Ann. art. 26.13 (d) (Vernon 1989) (admonishments may be given orally or in 
writing). Martin and his trial counsel signed a waiver and affidavit of admonitions stating that
Martin’s constitutional rights were explained to him by counsel, that he was competent and had not
been threatened or coerced to enter his plea, that he had fully considered his plea and discussed its
effects with counsel, that he understood the court’s admonishments, and that he was satisfied with
the advice and representation he received from counsel. The trial judge advised Martin of the proper
range of punishment for his offense, and Martin responded that he understood the range of
punishment. Martin’s trial counsel stated on the record that he believed Martin had a rational and
factual understanding of the charges against him, that Martin was mentally competent to waive his
rights and enter a plea, and that Martin had been able to confer with him and assist in his own
defense. 
            Martin’s bare assertion that his medication rendered him unable to make a voluntary plea is
insufficient to satisfy his burden of proving that he did not understand the consequences of his plea. 
The trial court and Martin’s counsel were satisfied that he was competent to stand trial and enter his
plea, and Martin himself affirmed that he was competent both orally and in writing. In addition, the
trial judge questioned Martin at length at the time of his plea and Martin responded lucidly and
appropriately. See Stone v. State, 638 S.W.2d 629, 632 (Tex. App. — Houston [1st Dist.] 1982, pet.
ref’d) (clear and lucid testimony is evidence of competency). 
            We conclude that the trial court complied with article 26.13 in questioning Martin regarding
his understanding of the proceedings and charges against him. The record supports the trial court’s
finding that Martin’s plea was freely and voluntarily made. Because there is nothing in the record
to support Martin’s contention that his plea was involuntary, we can not say that trial counsel’s
failure to request permission to withdraw Martin’s plea on this basis constituted deficient
performance. Without evidence in the record to both establish deficiency and rebut the prevailing
presumption that trial counsel’s actions were within the range of reasonable performance, Martin is
unable to satisfy the first prong of Strickland and his claim of ineffective assistance must fail. See
Thompson, 9 S.W.3d at 814. 
            We have reviewed the record, counsel’s brief, and Martin’s pro se brief. We agree that the
appeal is frivolous and without merit. The judgment of the trial court is affirmed. Appellate
counsel’s motion to withdraw is granted. Nichols, 954 S.W.2d at 86; Bruns 924 S.W.2d at 177 n.1.
 
Phylis J. Speedlin, Justice

Do Not Publish