The STATE of Texas, Appellant,

v.

Harvey Othel MARTIN, Appellee.

No. 05-89-00700-CR.

Court of Appeals of Texas, Dallas.

Sept. 11, 1990.

Rehearing Denied Oct. 23, 1990.

John Hagler, Dallas, for appellant.

Don N. High, McKinney, for appellee.

Before HOWELL, KINKEADE and BURNETT, JJ.

### OPINION

BURNETT, Justice.

The State appeals the trial court's granting of appellee's motion to suppress. In its sole point of error, the State contends that the trial court erred in granting the motion. We disagree and overrule the State's point. Accordingly, we affirm the trial court's judgment.

On March 8, 1988, Addison Police Officer Bradley Freis stopped appellee's car because it had an expired inspection certificate. Appellee then failed to provide Officer Freis with proof of insurance. Officer Freis issued appellee a citation for the offenses. The citation directed appellee to appear in municipal court in Addison within ten days. Appellee failed to appear in this time period. On April 5, 1988, three arrest warrants were issued against appellee based on complaints filed for: (1) the expired vehicle inspection certificate; (2) his failure to provide proof of insurance; and (3) his failure to appear in the Addison municipal court. All three complaints were signed by Roxie Rutledge, a clerk of the Addison municipal court system. In the complaint for the expired inspection certificate and in the complaint for the failure to provide proof of insurance, Rutledge states that, "based on information provided to [Rutledge] by [Officer] Freis[,] ... who personally observed such offense[s]," she believed or had good reason to believe that the offenses occurred. In the complaint for appellee's failure to appear, Rutledge stated only that she believed or had good reason to believe the offense occurred.

On May 3, 1988, Dallas Police Officers Robert Bryan and Todd Woolum saw appellee's car and noticed that the inspection certificate was expired. The officers then began to follow appellee's car and conducted a computer check on the license plate number, which revealed the outstanding arrest warrants against appellee. After stopping appellee's car, the officers ran a computer check on appellee's name and again uncovered the outstanding arrest warrants against appellee. They also called the police dispatcher to verify that the warrants were still in effect. Officer Bryan then arrested appellee and found him to be in possession of marijuana.

In his motion to suppress the evidence of the marijuana, appellee contended that the arrest warrants were not based upon probable cause. The trial court granted appellee's motion to suppress. In its sole point of error, the State contends that the trial court erred in granting appellee's motion. Dissecting this point, it appears that the contentions of the State are the following: (1) a presumption of probable cause arose when the complaints were filed; (2) the arrest warrant for appellee's failure to appear was tantamount to a bench warrant; and (3) the "good faith exception" under article 38.23(b) of the Texas Code of Criminal Procedure should apply.

The test in determining if a complaint shows probable cause is whether it provides a neutral and detached magistrate with sufficient information to support an independent judgment that probable cause exists for the issuance of a warrant. *Rumsey v. State*, 675 S.W.2d 517, 519 (Tex. Crim.App.1984). In the case before us, the complaints used to support the arrest warrants are conclusory in nature. They provided the magistrate with no underlying facts concerning the offenses. The complaints based on the traffic offenses provided only that Rutledge's source of information was Officer Freis and gave no indication as to the nature of the information or how she obtained it from him. The failure to appear complaint provided no information concerning the offense other than that Rutledge believed appellee committed the offense. Based on these complaints, the issuing judge could not have independently judged the sufficiency of the facts relied upon to show probable cause. *See Green v. State*, 615 S.W.2d 700, 705–06 (Tex.Crim. App. [Panel Op.] 1981), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258; *Knox v. State*, 586 S.W.2d 504, 506 (Tex. Crim.App. [Panel Op.] 1979). The State argues, however, that the mere filing of the complaints is sufficient for a finding of probable cause. The State compares this situation to that of a grand jury handing down an indictment. We find this comparison inapplicable to our situation. An indictment handed down by a grand jury reflects the grand jury's determination that there is probable cause to believe the offense alleged has been committed by the named accused, and is conclusive on the issue of probable cause. *See Madden v. State*, 644 S.W.2d 735, 737 (Tex.Crim.App. 1983). At the time a complaint is filed, there has been no determination of whether probable cause exists. This determination must be made by a neutral magistrate independently judging the facts relied on in the complaint to show probable cause. Thus, we hold that the mere filing of a complaint is not sufficient to support a presumption of probable cause.

The State next argues that the warrant for appellee's failure to appear in court was not an arrest warrant, but rather a bench warrant issued by a judge who had personal knowledge of the underlying facts. The State, however, did not make this argument at the hearing on the motion to suppress. Thus, this argument is not preserved for appeal. TEX.R.APP.P. 52(a).

The State next contends that even if this Court finds the arrest warrant invalid, the evidence is still admissible under the "good faith exception" to the exclusionary rule established by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and article 38.23(b) of the Texas Code of Criminal Procedure, which was enacted after the *Leon* decision. Article 38.-23(b) provides that the evidence is admissible if "obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate *based on probable cause.*" TEX.CODE CRIM.PROC.ANN. art. 38.23(b) (Vernon 1990) (emphasis added). As discussed above, we found that the arrest warrant was not based on probable cause. Thus, following the express language of article 38.23(b), we hold that the "good faith exception" does not apply because the warrant was not based on probable cause. In so holding, we disagree with *Curry v. State*, 780 S.W.2d 825, 826 (Tex.App.—Houston [1st Dist.] 1989, pet. granted), in which the Houston court ignores the probable cause requirement in applying article 38.23(b). We overrule the State's point of error. Accordingly, we affirm the trial court's order suppressing the evidence.