**The STATE of Texas, Appellant,**

v.

**Harvey Othel MARTIN, Appellee.**

**No. 1196–90.**

Court of Criminal Appeals of Texas, En Banc.

June 17, 1992.

John H. Hagler, Robert M. Rose, Dallas, for appellee.

Tom O'Connell, Dist. Atty. and Don N. High, Asst. Dist. Atty., McKinney, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellee was arrested and charged by information for the misdemeanor possession of less than two ounces of marijuana. At a pre-trial suppression hearing, he moved that the trial court suppress the marijuana from introduction into evidence at his trial, alleging that prior arrest warrants, which resulted in the discovery of the drugs on his person, lacked probable cause as required by Article 15.03 V.A.C.C.P. Appellee's motion was granted, and the State appealed the suppression order to the Fifth Court of Appeals. That court affirmed the decision of the trial court, *State v. Martin*, 796 S.W.2d 810 (Tex.App.—Dallas 1990), and the State petitions this court with three grounds for review. We granted review to consider whether the court of appeals erred in affirming the trial court's order and thereby holding that the arrest warrants lacked probable cause. We will reverse the decision of the court below.

I.

The facts involved in this cause were adequately conveyed in the court of appeal's opinion. As that court stated:

[o]n March 8, 1988, Addison Police Officer Bradley Freis stopped appellee's car because it had an expired inspection certificate. Appellee then failed to provide Officer Freis with proof of insurance. Officer Freis issued appellee a citation for the offenses. The citation directed appellee to appear in municipal court in Addison within ten days. Appellee failed to appear in this time period. On April 5, 1988, three arrest warrants were issued against appellee based on complaints filed for: (1) the expired vehicle inspection certificate; (2) his failure to provide proof of insurance; and (3) his failure to appear in the Addison municipal court. All three complaints were signed by Roxie Rutledge, a clerk of the Addison municipal court system. In the complaint for the expired inspection certificate and

in the complaint for the failure to provide proof of insurance, Rutledge states that, "based on information provided to [Rutledge] by [Officer] Freis[,] ... who personally observed such offense[s]," she believed or had good reason to believe that the offenses occurred. In the complaint for appellee's failure to appear, Rutledge stated only that she believed or had good reason to believe the offense occurred.

On May 3, 1988, Dallas Police Officers Robert Bryan and Todd Woolum saw appellee's car and noticed that the inspection certification was expired. The officers then began to follow appellee's car and conducted a computer check on the license plate number, which revealed the outstanding arrest warrants against appellee. After stopping appellee's car, the officers ran a computer check on appellee's name and again uncovered the outstanding arrest warrants against appellee. They also called the police dispatcher to verify that the warrants were still in effect. Officer Bryan then arrested appellee and found him to be in possession of marijuana.

In his motion to suppress the evidence of the marijuana, appellee contended that the arrest warrants were not based on probable cause. The trial court granted appellee's motion to suppress.

*Martin*, 796 S.W.2d at 811.

The State, now faced with suppression of its key evidence, appealed the order, raising the sole "Ground of Error" [sic] that the trial court had erred in granting appellee's suppression motion. The court of appeals interpreted this argument to mean that: "(1) a presumption of probable cause arose when the complaints were filed; (2)

the arrest warrant for appellee's failure to appear was tantamount to a bench warrant [1]; and (3) the 'good faith exception' under article 38.23(b) of the Texas Code of Criminal Procedure should apply." *Id.*

## II.

On appeal to this Court, the State contends in its first ground for review that the court of appeals erred in holding that the complaints used to support the issuance of the traffic arrest warrants did not recite probable cause. The State previously made this argument before the court of appeals by arguing that the affidavits supplied probable cause, and focused on the distinction between Articles 15.04 and 45.01 of our Code. The State maintained that a reading of *Vallejo v. State*, 408 S.W.2d 113 (Tex.Crim.App.1966), in concert with Article 45.01 produces the inevitable conclusion that a complaint presented in a Justice or Corporation court supplies, like an indictment, probable cause. The court of appeals considered the "comparison inapplicable to [their] situation[ ]", noting that "[a]n indictment handed down by a grand jury reflects the grand jury's determination that there is probable cause to believe the offense alleged has been committed by the named accused, and is conclusive on the issue of probable cause." *Martin*, 796 S.W.2d at 812 (citing *Madden v. State*, 644 S.W.2d 735, 737 (Tex.Crim.App.1983)). That court further reasoned that no probable cause determination is made at the time of a complaint's issuance, and, therefore, its filing alone is insufficient to support an arrest warrant. *Id.* Thus, the court of appeals held that the complaints used to support the Article 15.04 arrest warrants were conclusory in nature [2] and that the

---

1. It should be noted that this argument was not addressed on appeal. The court of appeals dismissed appellant's argument out-of-hand as the issue had not been broached at the prior suppression hearing and, thus, was not preserved for appeal. *State v. Martin*, 796 S.W.2d 810, 812 (Tex.App.—Dallas, 1990); *See also* TEX.R.APP.P. 52(a) (Vernon 1990).

2. In reaching this conclusion, the court of appeals necessarily answered the related sub-issue of whether the "good faith exception" to the exclusionary rule should apply to the facts

presented. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); TEX. CODE CRIM.PROC.ANN. art. 38.23(b) (Vernon supp. 1988). The State maintained that the arresting officers were entitled to rely upon (and did rely upon) what were facially valid arrest warrants when they moved to take appellee into custody. The court of appeals correctly interpreted Article 38.23(b) of the Code as requiring the warrant which an officer relies upon in good faith to be based on probable cause. *Martin*, 796 S.W.2d at 812. Having already determined that

"issuing judge could not have independently judged the sufficiency of the facts relied upon to show probable cause." *Id.* (citing *Green v. State*, 615 S.W.2d 700, 705–6 (Tex. Crim.App. [Panel Op.] 1981), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Knox v. State*, 586 S.W.2d 504, 506 (Tex.Crim.App.1979)).

## III.

### Validity of the Warrants Pursuant to Article 15

Although the issue of the validity of the warrants has been addressed by the court of appeals, we disagree with their analysis as it relates to Article 15.04. Recently, in *Gordon v. State*, 801 S.W.2d 899 (Tex. Crim.App.1990), this Court discussed the requisites necessary for an affidavit (or "complaint" as it is referred to in Article 15.04 of our Code) to supply probable cause. There, the police suspected the appellant of the commission of robbery and sexual assault, "but lacked probable cause to arrest and charge him with the crimes." *Id.* at 902. Nevertheless, the police managed to arrest the appellant after discovering the existence of a warrant issued for his failure to appear in municipal court. *Id.* Like the instant cause, appellant there asserted that the affidavit lacked "factual information to show the underlying basis" on which a warrant could issue. *Id.* at 913. We agreed with appellant because:

> there [was] no doubt the complaint [was] wholly conclusory. There [were] factual conclusions, but as in *Knox*, no 'actual basis' for those conclusions. Affiant 'S. Hall' recites he or she 'have [sic] good reason to believe and do believe' appellant, on or about a certain date, unlawfully failed to appear in the municipal court of Deer Park. There is no allegation why such failure was unlawful or how affiant came to have such knowledge. While the 'complaint' may have the statutory requirements for procedural validity, it lacks the necessary indicia of reliability demonstrated by facts

showing probable cause for the magistrate to have made a proper evaluation for the allegations before issuing the warrant. It is in the form of a charge, not a supporting affidavit. There being no probable cause set forth in the complaint, the arrest of appellant was illegal.

*Id.* at 916. In so holding, our reasoning was based largely on a reading of our decision in *Green v. State*, 615 S.W.2d 700 (Tex.Crim.App.1981), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981).

In *Green*, the appellant was arrested on the basis of a warrant purportedly based on a magistrate's finding of probable cause. The complaint presented to the judge did not, in fact, contain anything more than the sheriff's mere "conclusion that [the] appellant perpetrated the murder described in the complaint." *Green*, 615 S.W.2d at 706. That complaint tracked the statutory language, stating:

> Before me, Tommy Turner, Assistant Criminal District Attorney of Lubbock County, Texas, this day personally appeared C.H. Blanchard, who, after being sworn, upon oath says that *he has good reason to believe and does believe and charge that one Leroy Green ...* on or about the 12th day of January, A.D.1975, and before the making of this complaint in Lubbock County, and State of Texas, *did* then and there *intentionally and knowingly cause the death of an individual, Warren Andrew McKay, by shooting him with a gun* AGAINST THE PEACE AND DIGNITY OF THE STATE.

*Id.* at 705 (emphasis in original). The defect of such a complaint is, of course, that while it adequately apprises the magistrate of the recently administered oath, it says nothing whatsoever about *how* the affiant reached such a conclusion; speculation is as likely an explanation as investigation.

In contrast, at least one of the affidavits presented in the cause *sub judice* is illustrative of the route taken by the affiant. Defendant's Exhibit 2A (the complaint for

---

probable cause was lacking, the court held that the language of Article 38.23(b) precluded application of the exception. *Id.*

failure to display a valid vehicle inspection certificate) states:

> IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: Personally appeared before me, the undersigned authority, this affiant, who after being by me duly sworn, deposes and says he has good reason to believe and does believe, based upon information provided to affiant by B R FREIS 058, Police Officer, *who personally observed such offense,* that HARVEY OTHEL MARTIN, hereinafter called actor, on or about the 8th day of March A.D., 1988, and before the making and filing of this complaint, in the Town of Addison, in Dallas County and State aforesaid, did then and there unlawfully:
>
> operate a motor vehicle, registered in this state [sic], upon a public street within the corporate limits of the Town of Addison, Dallas County, Texas, and did fail to display a valid inspection certificate issued by the Department of Public Safety, State of Texas, on said vehicle.
>
> \*     \*     \*     \*     \*     \*
>
> Against the peace and dignity of the state [sic].
>
>                    /s/ Roxie M. Rutledge
>                                   Affiant
>
> Subscribed and sworn to before me by Affiant, and Filed, this the 5th day of April A.D., 1988
>                    /s/ Loraine LeKander
>                    Clerk, Municipal Court
>                    · Town of Addison, Texas

Defendant's Exhibit 2A (emphasis added).

In order to issue a valid warrant pursuant to Article 15.04, the underlying affidavit must contain, viewed in the totality of the circumstances, information sufficient to justify a neutral and detached magistrate issuing it. *See Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 2333, 76 L.Ed.2d 527 (1983); *Hennessy v. State,* 660 S.W.2d 87 (Tex.Crim.App.1983). When viewing the affidavit, hearsay-upon-hearsay will support issuance of a warrant "as long as the underlying circumstances indicate that there is a substantial basis for crediting the hearsay at each level." *Hennessy,* 660 S.W.2d at 91 (cases cited therein omitted); *See also Gish v. State,* 606 S.W.2d 883, 886 (Tex.Crim.App.1980) (observations reported to the affiant by other officers engaged in investigation can constitute reliable basis for issuing a warrant). An examination of the information contained within the four corners of Defendant's Exhibit 2A leads to the conclusion that a neutral and detached magistrate could find probable cause and issue warrants pursuant to Article 15.03.[3] In it, the affiant avers the place and day the violation occurred, and further avers that the information alleged was previously communicated to her by the ticketing officer who *personally observed* the offense. Unlike the affiant in *Green* who simply states a belief that a crime had been committed by the appellant, the affiant here believes the crime has been committed based upon information supplied by the officer who witnessed it. *Cf. Green; Curry v. State,* 815 S.W.2d 263, 267 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (Opinion on Remand) (affidavit did not indicate how informant/officer had knowledge of the offense charged). The citation issued by Officer Freis was for an offense committed within his view,[4] therefore appellee's release was similar to a release on

---

**3.** Article 15.03 of the Texas Code of Criminal Procedure states, in pertinent part, that:

> (a) A magistrate may issue a warrant of arrest or a summons:
>
> 1. In any case in which he is by law authorized to order verbally the arrest of an offender;
>
> 2. When any person shall make oath before the magistrate that another has committed some offense against the laws of the State; and
>
> 3. In any case named in this Code where he is specially authorized to issue warrants of arrest....

Tex.Crim.Proc.Code Ann. art. 15.03 (Vernon supp. 1988).

**4.** Article 14.01 of the Code of Criminal Procedure states, in relevant portion, that:

> \*     \*     \*     \*     \*     \*
>
> (b) [a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

Tex.Crim.Proc.Code Ann. art. 14.01 (Vernon supp. 1988).

personal recognizance (with the requirement that he appear in court on a later day[5]). *See* Tex.Code Crim.Proc.Ann. arts. 17.02, 17.04, 17.05 and 17.20 (Vernon supp. 1988) (bond procedures in misdemeanor violations).

Because the underlying affidavit in one case was not patently conclusory, we defer to the judgment of the issuing magistrate. It was he who encountered the warrant request and who could best distinguish the reliability of the information and its source. When Officer Freis placed the citation into the bureaucratic stream flowing from officer to clerk to court, affiant Rutledge was provided with information from a source sufficiently reliable to base her oath, and upon which Judge Dwight, the issuing magistrate, could find probable cause for the arrest of appellee. This case goes beyond those in which an affiant, based on information from an unidentified source, simply repeats the language that " 'he has cause to suspect and does believe' " that a crime has occurred. *E.g., Illinois v. Gates,* 462 U.S. at 239, 103 S.Ct. at 2332. Thus, the affidavit is not based on mere speculation, but rather upon established facts, and exceeds the quanta of facts necessary to satisfy issuance.[6]

Accordingly, we hold that appellee's detention pursuant to the Article 45.01 com-

---

5. The record reflects that Officer Freis observed appellee's invalid inspection sticker, detained him, and issued him a citation. Because the appellee· signed the citation promising to appear at a later date, Officer Freis released him rather than taking him before a magistrate as Article 6701d V.A.C.S., § 147, would have otherwise required of the officer. That statute states:

Person arrested must be taken immediately before a magistrate

Sec. 147. Whenever any person is arrested for any violation of this Act punishable as a misdemeanor, the arrested person shall be immediately taken before a magistrate within a county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense and is nearest or most accessible with reference to the place where said arrest is made, in any of the following cases:

\* \* \* \* \* \*

5. *In any other event when the person arrested refuses to give his written promise to appear in court* as hereinafter provided.

Tex.Rev.Civ.Stat.Ann. art. 6701d, § 147 (Vernon 1981) (emphasis added).

The terms of appellee's release from custody (stated in the signature block of the citation issued) required his appearance in Addison Municipal Court on or before the expiration of ten days. As Sections 148 and 149 of Article 6701d provide:

Notice to appear in court; promise to appear

Sec. 148. (a) Whenever a person is arrested for any violation of this Act punishable as a misdemeanor, and such person is not immediately taken before a magistrate as hereinbefore required, the arresting officer shall prepare in duplicate written notice to appear in court containing the name and address of such person, the license number of his vehicle, if any, the offense charged, and the time and place when and where such person shall appear in court....

(b) The time specified in said notice must be at least ten (10) days after such arrest

unless the person arrested shall demand an earlier hearing.

(c) The place specified in said notice to appear must be before a magistrate within the city or county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense.

(d) The arrested person in order to secure release as provided in this section, must give his written promise so to appear in court by signing in duplicate the written notice prepared by the arresting officer. The original of said notice shall be retained by said officer and the copy thereof delivered to the person arrested. Thereupon, said officer shall forthwith release the person arrested, from custody.

\* \* \* \* \* \*

Failure to comply with Section 148 results in the following misdemeanor:

Violation of promise to appear

Sec. 149. (a) Any person wilfully violating his written promise to appear in court, given as provided in this Article, is guilty of a misdemeanor regardless of the disposition of the charge upon which he was originally arrested.

\* \* \* \* \* \*

*Id.* §§ 148–149.

6. The record reflects that Judge Dwight, the Municipal Judge who issued the warrants, was personally familiar with both affiant Roxie Rutledge and Officer Freis. Additionally, Judge Dwight testified at the suppression hearing that he would not have issued the warrants had they not provided probable cause. While this testimony is outside the four corners of the affidavit and in no way influences our examination of the record, it is illustrative of some of the many factors involved in the totality of the circumstances calculus which the issuing judge weighs in a probable cause determination, but which are not, or cannot be, considered by an appellate court. *See Illinois v. Gates,* 462 U.S. at 233, 103 S.Ct. at 2329.

plaint (for failure to display a valid vehicle inspection certificate) and his ensuing arrest for possession of marijuana were valid. The State's first ground for review is affirmed. The judgment of the court of appeals is reversed, and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

CLINTON, J., concurs in the result.

OVERSTREET and MALONEY, JJ., not participating.