TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND









NO. 03-94-00769-CR







Ranulfo Ponce, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 407574, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING








 This cause was remanded to this Court by the Court of Criminal Appeals to
reevaluate appellant's complaint about the trial court's suppression ruling taking into consideration
the complaint and warrant found to be properly in the appellate record. 

 This appeal is taken from a conviction for unlawfully carrying a prohibited weapon,
to wit: a dagger. See Tex. Penal Code Ann. § 46.02 (West 1994). (1) Appellant entered a plea of
nolo contendere to the Class A misdemeanor in a bench trial. The trial court deferred adjudication
of guilt and placed appellant on "probation" for twelve months subject to certain conditions. If evidence was heard at the time of appellant's plea there is no statement of
facts or stipulation to show the facts surrounding the charged offense or appellant's arrest.

 Appellant advances a single point of error contending that the trial court erred in
denying his pretrial motion to suppress evidence. (2) The motion sought to suppress any tangible
evidence "seized without lawful warrant, probable cause, or other lawful authority in violation
of the Defendant's rights under the Fourth and Fourteenth Amendments to the United States
Constitution, Article I, Section 9 of the Texas Constitution, and chapters 14 and 38 of the Texas
Code of Criminal Procedure."

 When a defendant seeks to suppress evidence on the basis of a violation of the
Fourth Amendment to the United States Constitution or Article I, section nine of the Texas
Constitution or a related state statutory provision, the burden of proof is on the defendant. Russell
v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986); Johnson v. State, 834 S.W.2d 121, 122 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd). In a hearing on a motion to suppress evidence, a
defendant, as the movant, must produce evidence that defeats the presumption of proper police
conduct and shifts the burden to the prosecution. Russell, 717 S.W.2d at 9; Borsari v. State, 919
S.W.2d 913, 916 (Tex. App.--Houston [14th Dist.] 1996, pet. filed); Musick v. State, 862 S.W.2d
794, 799 (Tex. App.--El Paso 1993, pet. ref'd). When the validity of a search is challenged and
the State produces a warrant, the defendant must go forward to establish the warrant's invalidity
on some ground such as the lack of probable cause in the affidavit underlying the arrest or search
warrant. Russell, 717 S.W.2d at 9-10; Rumsey v. State, 675 S.W.2d 517, 520 (Tex. Crim. App.
1984); State v. Morgan, 841 S.W.2d 494, 496 (Tex. App.--El Paso 1992, no pet.).

 There were two hearings in the instant case on the motion to suppress. At the first
hearing appellant did not offer any evidence with regard to his arrest for possession of a dagger. 
No witnesses were called to defeat the presumption of proper police conduct or to shift the burden
to the prosecution. Appellant's counsel simply stated that the parties had agreed to stipulate "that
the officer arrested Mr. Ponce on an outstanding warrant." The warrant was not otherwise
identified and the prosecutor remained silent as to appellant's statement. There was no inquiry
from the bench. Appellant's counsel then offered defense exhibits 1, 2, and 3 "which represent
the outstanding warrant and Defendant's exhibit 3 is the underlying speeding ticket." The
prosecutor made no objection to this offer. Exhibit 1 is a speeding complaint filed against Ranulfo
G. Ponce on June 8, 1993, in cause no. 2734582 in the Municipal Court of the City of Austin. 
 Attached thereto is an unexecuted warrant dated June 9, 1993. Exhibit two is a judgment of
conviction entered on December 10, 1993 in the Municipal Court of the City of Austin. The
judgment does not reflect a cause number or the defendant's name. Exhibit three is a speeding
citation issued to Ranulfo G. Ponce on May 8, 1993 with the court appearance date of May 18,
1993. (3) Appellant's counsel then announced that appellant was seeking to suppress evidence of the
knife found in a search "following the arrest based on this warrant." There was, of course, no
evidence at the suppression hearing that any "knife" had been found on appellant at any time or
after a search based on the particular unexecuted warrant introduced.

 Having introduced the warrant and the complaint upon which it was based,
appellant then urged that the complaint was conclusory and did not reflect probable cause. The
complaint or affidavit in question provided in pertinent part:



I, the undersigned affiant, do solemnly swear that I have good reasons to believe
and do believe that one Ranulfo G. Ponce on or about the 8th day of May, 1993
. . . did drive and operate a motor vehicle upon a public street therein situated, to-wit: 2100 block Barton Springs Rd. at a speed which was greater than was
reasonable and prudent under the circumstances then existing, to-wit, at a speed
of 45 miles per hour, at which time and place the lawful maximum prima facie
reasonable and prudent speed indicated by an official sign then and there posted
was 35 miles per hour . . . . My belief of the aforesaid statement is based upon
information provided to me by M. Castillo, a police officer of the State of Texas,
who personally observed or has knowledge of such offense.



(Emphasis added.)

 After an argument about the applicable law, the suppression hearing was postponed
for some six weeks. The second hearing commenced and ended with a colloquy about the law. 
No evidence was introduced and no ruling on the motion was made. Subsequently, the trial court
entered a written order overruling the motion to suppress.

 Appellant argues that in order to issue a valid warrant pursuant to article 15.04 of
the Texas Code of Criminal Procedure, (4) the underlying affidavit must contain, viewed in the
totality of the circumstances, information sufficient to justify a neutral and detached magistrate
to issue it. See State v. Martin, 833 S.W.2d 129, 132 (Tex. Crim. App. 1992) (citing Illinois v.
Gates, 462 U.S. 213, 239 (1983), and Hennessy v. State, 660 S.W.2d 87, 89 (Tex. Crim. App.
1983)); see also Gordon v. State, 801 S.W.2d 899 (Tex. Crim. App. 1990). He notes further that
in reviewing the sufficiency of the underlying affidavit, appellate courts must confine their inquiry
to the four corners of the document. Jones v. State, 568 S.W.2d 847, 855 (Tex. Crim. App.),
cert. denied, 439 U.S. 959 (1978). We agree.

 In Martin, it was noted that each affidavit averred the place and the date of the
violation and that the information had been communicated to the affiant by the ticketing officers
who personally observed the offense. 833 S.W.2d at 132. Thus, the affidavits submitted on
information supplied by the officers who had issued the traffic tickets were sufficient to permit
a neutral and detached magistrate to find probable cause to support the arrest warrant. See also
Gish v. State, 606 S.W.2d 883, 886 (Tex. Crim. App. 1980) (holding that observations reported
to affiant by other officers engaged in investigation can constitute reliable basis for issuing
warrant). An examination of the instant affidavit or complaint from its four corners leads to the
conclusion that a neutral and detached magistrate could have found probable cause and properly
issued the warrant. The affidavit contains the statement "My [affiant's] belief of the aforesaid
statement is based upon information provided to me by M. Castillo, a police officer of the State
of Texas, who personally observed or has personal knowledge of such offense." 

 The underlying affidavit is not patently conclusory and we defer to the judgment
of the issuing magistrate. Martin, 833 S.W.2d at 133. An affidavit or complaint in support of
an arrest warrant need not contain the same particularity required of an indictment. Nor is the
information in such affidavit required to match the quality or quantity of the evidence necessary
to obtain a conviction. Janecka v. State, 739 S.W.2d 813, 822-23 (Tex. Crim. App. 1987). 
Because of the legislative preference for the warrant process, we view arrest and search warrant
affidavits in a common sense manner, not in a hypertechnical fashion. Id. at 823; Thacker v.
State, 889 S.W.2d 380, 387 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). In interpreting
an affidavit for an arrest warrant in a common sense and realistic manner, the magistrate is
entitled to draw reasonable inferences from the facts contained therein. Rumsey, 675 S.W.2d at
521; see also United States v. Ventresca, 380 U.S. 102, 108 (1965).

 Appellant relies upon Curry v. State, 815 S.W.2d 263 (Tex. App.--Houston [14th
Dist.] 1991, no pet.), but Curry can be distinguished from the instant case on the differences in
the affidavits and in the Curry court's application of the strict but outdated and overruled two-prong test of Aguilar v. Texas, 378 U.S. 108 (1964), rather than the "totality of the
circumstances" test of Gates, 462 U.S. at 239. Rumsey is also distinguishable on its facts and its
affidavits from the instant case.

 In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and weight to be given their testimony. Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject any or all of a witness's
testimony or evidence offered. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). 
In reviewing the trial court's decision, an appellate court does not engage in its own factual
review; it determines only whether the record supports the trial court's findings. Romero, 800
S.W.2d at 543. The appellate court is not at liberty to disturb supported findings of fact absent
an abuse of discretion. Etheridge v. State, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994); Cantu v.
State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). The appellate court should not defer merely
to the trial court's findings regarding the historical facts, but also to the trial court's conclusion
regarding the legal significance of those facts. Dubose v. State, 915 S.W.2d 493, 497 (Tex.
Crim. App. 1996); State v. Carter, 915 S.W.2d 501, 504 (Tex. Crim. App. 1996). Normally,
appellate courts will address only the question of whether the trial court improperly applied the
law to the facts. Romero, 800 S.W.2d at 543. If the trial court's decision is correct on any
theory of the law applicable to the case, it will be sustained even though the trial court may have
given the wrong reason for its ruling. Id.

 If it can be said from this record that the warrant in question was actually used to
arrest appellant, we conclude that Martin is controlling and that the warrant is supported by the
underlying affidavit and is valid. See Martin, 833 S.W.2d at 132-33. The trial court did not
abuse its discretion.

 As noted on original submission, we are presented with a convoluted record. At
the suppression hearing, the facts surrounding the instant offense were not presented. On appeal,
appellant refers us only to page seven of the transcript. Page seven is the uncertified copy of an
"affidavit for warrant of arrest and detention" filed in the municipal court of the City of Austin
for arrest of Ranulfo Ponce for carrying a prohibited weapon. This uncertified copy bears no file
mark of the county clerk and has not been labeled an exhibit by the court reporter. There is no
reference to this document elsewhere in the record. Just how this instrument found its way into
the appellate record is not revealed. If it reflects the facts as appellant would have us believe, we
observe that it reflects that Austin Police Officer Chris Struhall stopped Ponce at 12:59 p.m. on
December 10, 1993, in the 1200 block of West Mary for running a red light at the intersection
of Heather and South Lamar; that Ponce "was placed under arrest for a traffic warrant" not
otherwise identified; that while inventorying the car Officer Struhall found on the left side of the
driver's seat "a large survival-type knife that was double edged;" (5) and that Ponce was transported
to central booking.

 It is observed that the traffic warrant was not identified as a warrant for speeding
nor was it shown that there was only one outstanding traffic warrant for appellant's arrest. 
Further, the speeding warrant introduced at the suppression hearing was unexecuted.

 Any peace officer was authorized to arrest without a warrant any person found
committing a violation of the Uniform Act Regulating Traffic on Highways in effect on December
10, 1993. Act of June 5, 1947, 50th Leg., R.S., ch. 421, 1947 Tex. Gen. Laws 967, 1001 (Tex.
Rev. Civ. Stat. art. 6701d, § 153, since codified). (6) "Running a red light" was a violation of
article 6701d at the time of the commissions of the instant offense. Act of March 8, 1973, 63d
Leg., R.S., ch. 12, § 1, 1973 Tex. Gen. Laws 15, 16 (Tex. Rev. Civ. Stat. art. 6701d, § 33,
since codified). (7) The traffic violation committed in the officer's presence authorized the initial
stop in the instant case and the custodial arrest for that violation. Tex. Code Crim. Proc. Ann.
art. 14.01(b) (West 1977); Armitage, 637 S.W.2d at 937; Valencia v. State, 820 S.W.2d 397, 399
(Tex. App.--Houston [14th Dist.] 1990, pet. ref'd).

 If the "affidavit" on page seven of the transcript constitutes the facts, then appellant
ran a red light while driving his motor vehicle in violation of article 6701d, section 33 and was
subject, under the circumstances, to a warrantless arrest under section 153 of article 6701d and
article 14.01(b) of the Texas Code of Criminal Procedure. See Christopher v. State, 639 S.W.2d
932, 935 (Tex. Crim. App. 1982); see also Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim.
App. 1986); Ortega, 861 S.W.2d at 95; Valencia, 820 S.W.2d at 399. Independent of any
outstanding traffic arrest warrant or warrants, appellant was subject to custodial arrest for the
traffic offense of failing to heed a traffic control device. Janecka, 739 S.W.2d at 822. In
Janecka, it was held that a defendant's arrest pursuant to an arrest warrant for murder, which was
later held invalid, was nonetheless valid as the arresting officer at the time he arrested the
defendant, had a valid arson arrest warrant in his possession. Any technical irregularities
resulting from the failure to actually execute the arrest warrant for arson were not significant
enough to render the arrest illegal.

 Under the circumstances presented by the affidavit on page seven of the transcript,
the officer had the right to make a custodial arrest for the traffic offense of running a red light and
then inventory the car, South Dakota v. Opperman, 420 U.S. 364 (1976); State v. Garcia, 801
S.W.2d 137 (Tex. App.--San Antonio 1990, pet. ref'd), or conduct a search incident to the arrest
for the traffic offense. New York v. Belton, 453 S.W.2d 454, 460 (1981); Garcia, 801 S.W.2d
at 141.

 The point of error is overruled for the reasons stated above. We again affirm the
order deferring adjudication.


 

 

 John F. Onion, Jr., Justice

Before Justices Powers, Kidd and Onion*

Affirmed on Remand

Filed: August 14, 1996

Do Not Publish











* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This offense was allegedly committed before September 1, 1994, and is governed by the
law in effect at that time. Penal Code, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws
883, 963. Because the Code amendments effective September 1, 1994 have no substantive
effect on this offense, the current code is cited for the sake of convenience.
2.   Appellant is entitled to appeal the denial of his suppression motion even though there
has been no adjudication of guilt. See Dillehey v. State, 815 S.W.2d 623 (Tex. Crim. App.
1991).
3.   A person lawfully released from custody, with or without bail, on condition that he
subsequently appear commits an offense if he intentionally or knowingly fails to appear in
accordance with the terms of his release. Tex. Penal Code Ann. § 38.11(a) (West 1994).
4.   Tex. Code Crim. Proc. Ann. art. 15.04 (West 1977).
5.   The complaint and information alleged an unlawful carrying of a dagger.
6.   See Tex. Transp. Code Ann. § 543.001 (West 1996).
7.   See Tex. Transp. Code Ann. § 544.007(d) (West 1996).



oc. Ann.
art. 14.01(b) (West 1977); Armitage, 637 S.W.2d at 937; Valencia v. State, 820 S.W.2d 397, 399
(Tex. App.--Houston [14th Dist.] 1990, pet. ref'd).

 If the "affidavit" on page seven of the transcript constitutes the facts, then appellant
ran a red light while driving his motor vehicle in violation of article 6701d, section 33 and was
subject, under the circumstances, to a warrantless arrest under section 153 of article 6701d and
article 14.01(b) of the Texas Code of Criminal Procedure. See Christopher v. State, 639 S.W.2d
932, 935 (Tex. Crim. App. 1982); see also Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim.
App. 1986); Ortega, 861 S.W.2d at 95; Valencia, 820 S.W.2d at 399. Independent of any
outstanding traffic arrest warrant or warrants, appellant was subject to custodial arrest for the
traffic offense of failing to heed a traffic control device. Janecka, 739 S.W.2d at 822. In
Janecka, it was held that a defendant's arrest pursuant to an arrest warrant for murder, which was
later held invalid, was nonetheless valid as the arresting officer at the time he arrested the
defendant, had a valid arson arrest warrant in his possession. Any technical irregularities
resulting from the failure to actually execute the arrest warrant for arson were not significant
enough to render the arrest illegal.

 Under the circumstances presented by the affidavit on page seven of the transcript,
the officer had the right to make a custodial arrest for the traffic offense of running a red light and
then inventory the car, South Dakota v. Opperman, 420 U.S. 364 (1976); State v. Garcia, 801
S.W.2d 137 (Tex. App.--San Antonio 1990, pet. ref'd), or conduct a search incident to the arrest
for the traffic offense. New York v. Belton, 453 S.W.2d 454, 460 (1981); Garcia, 801 S.W.2d
at 141.

 The point of error is overruled for the reasons stated above. We again affirm the
order deferring adjudication.


 

 

 John F. Onion, Jr., Justice

Before Justices Powers, Kidd and Onion*

Affirmed on Remand

Filed: August 14, 1996

Do Not Publish