# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00047-CR
## NO. 03-00-00048-CR

**Gary Lynn Norsworthy, Appellant**

**and**

**Lewis Norsworthy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NOS. 99-042-K26 & 99-043-K26
### HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

A jury found appellants Gary Lynn Norsworthy and Lewis Norsworthy guilty of manufacturing, or possessing with intent to manufacture or deliver, more than four grams but less than two hundred grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2000). The jury assessed each appellant's punishment at imprisonment for fifty-six years. We will affirm.

Appellants were arrested by police officers executing a warrant to search a residence in Leander. Methamphetamine, laboratory equipment, and chemicals used in the manufacture of methamphetamine were among the items seized during the search. In their sole

point of error, appellants contend the evidence should have been suppressed because the affidavit supporting the issuance of the warrant did not state probable cause. *See* U.S. Const. Amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. arts. 1.06 (West 1977); 18.01(b) (West Supp. 2000). Appellants do not make separate federal and state law arguments.

Probable cause to issue a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *Hackleman v. State*, 919 S.W.2d 440, 447 (Tex. App.–Austin 1996, pet. ref'd untimely filed). The sufficiency of a search warrant affidavit is determined by use of "totality of the circumstances" analysis. *Illinois v. Gates*, 462 U.S. 213, 234 (1983); *Hennessy v. State*, 660 S.W.2d 87, 90 (Tex. Crim. App. 1983); *see State v. Martin*, 833 S.W.2d 129 (Tex. Crim. App. 1992). Only the facts found within the four corners of the affidavit may be considered. *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992). Reasonable inferences may be drawn from the affidavit, however, and the affidavit must be interpreted in a common sense and realistic manner. *Lagrone v. State*, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987); *Carroll v. State*, 911 S.W.2d 210, 216 (Tex. App.–Austin 1995, no pet.). The issuing magistrate's determination of probable cause should be given great deference by reviewing courts, and should be sustained so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236; *State v. Bradley*, 966 S.W.2d 871, 873 (Tex. App.–Austin 1998, no pet.).

The affiant was Sergeant Mitchell M. Martin, a veteran narcotics officer. The affidavit states, in pertinent part:

On November 17, 1998, your Affiant personally spoke with Sheriff Gordon Morris of the Lampasas County Sheriff Department. Sheriff Morris advised your Affiant that a Confidential Informant (hereafter referred to as CI) who wishes to remain anonymous for personal safety purposes had contacted Sheriff Morris and advised the following information.

The CI advised Sheriff Morris that on November 17, 1998 at approximately 7:30 a.m. the CI noticed that neighborhood dogs had apparently gotten into the CI's and surrounding neighbors trash that had been placed out near the street for pickup.

The CI began to pick up the trash and noted that the neighbors trash in front of 2004 Falcon Oaks Dr. contained numerous empty suphedrine and equate containers, lying on the ground. The CI further noted what appeared to be a plastic Wal-Mart bag which also contained numerous of the same type of suphedrine and equate containers. The CI felt this strange that there were so many of these type empty containers.

The CI further advised that while CI was attempting to pick up the trash, CI overheard several persons talking inside a storage building attached to the residence of 2004 Falcon Oaks Dr. The CI said a short time later an unidentified person opened the door to the storage building at which time the CI noted a strong chemical odor similar to that of ammonia. The CI was fearful that illegal narcotics activities were being conducted at the residence, at which time the CI went back to CI's residence.

The CI then made contact with Sheriff Morris of the Lampasas County Sheriff's Department.

The CI identified the resident of 2004 Falcon Oaks Dr. as JERRY DON STEWART . . . . CI further advised that STEWART resides alone at the residence and that there is constant vehicular traffic coming and going at STEWART's residence day and night. CI told Sheriff Morris, at night vehicles will drive into STEWART's residence and turn off their lights while approaching.

3

Sheriff Morris further advised your Affiant that the CI is familiar with these types of activities being consistent to that of illegal narcotics trafficking. The CI has had past experiences with CI's family members being involved with the trafficking of controlled substances.

Sheriff Morris advised you Affiant that the CI is a credible and reliable person. The Sheriff has known the CI over the past 20 years. Sheriff Morris further advised your Affiant that the CI is an outstanding person in the CI's community and has never known the CI to be involved with any illegal activities.

The affidavit goes on to state that large quantities of suphedrine are used in the manufacture of methamphetamine and that Stewart was known by investigators to be involved in narcotic activity.

Appellants contend the affidavit is inadequate because it does not demonstrate the veracity of the confidential informer from whom most of the pertinent facts were obtained. *See Carroll*, 911 S.W.2d at 216 (informer's veracity is relevant consideration in determining whether affidavit states probable cause). Appellants point out that the affidavit does not indicate that the informer had given reliable information in the past, or that the informer's statements had been corroborated by independent police investigation. *See Ashcraft v. State*, 900 S.W.2d 817, 827 (Tex. App.–Corpus Christi 1995, pet. ref'd); *Cerda v. State*, 846 S.W.2d 533, 535 (Tex. App.–Corpus Christi 1993, no pet.). They also note that the informer's statements were not against his penal interest. *See Abercrombie v. State*, 528 S.W.2d 578, 584 (Tex. Crim. App. 1975) (op. on reh'g).

Double hearsay may be used to show probable cause if there is a substantial basis for crediting the hearsay at each level. *Hennessy v. State*, 660 S.W.2d 87, 91 (Tex. Crim. App. 1983). Sergeant Martin was entitled to rely on the credibility of Sheriff Morris, and appellants

4

do not argue to the contrary. Sheriff Morris, in turn, had known the informer for twenty years, knew he had no criminal record, and believed him to be an outstanding person in the community. *See id.* Morris also knew the informer was familiar with drug trafficking because members of the informer's family had been involved in the narcotics trade. When the affidavit is read in a common sense manner, we believe that both the sheriff and the magistrate had a substantial basis for crediting the information received from the informer and for concluding that a search would uncover evidence of wrongdoing. The point of error is overruled.

The judgments of conviction are affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: January 19, 2001

Do Not Publish