BRIAN MILLSAP V. SHOW TRUCKS USA, INC.






NO. 07-08-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 22, 2008
______________________________

YOHAWNN DANTE BYNES,
Â 
Appellant

v.

THE STATE OF TEXAS, 
Â 
Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â _________________________________

FROM THE 31st DISTRICT COURT OF WHEELER COUNTY;

NO. 4062; HON. STEVEN RAY EMMERT, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Yohawnn Dante Bynes (appellant) appeals from his conviction for possession of a
controlled substance with intent to deliver. He filed his notice of appeal on May 15, 2008. 
The clerkâs record was filed on June 23, 2008, and the reporterâs record July 15, 2008. 
Appellantâs brief was due on August 14, 2008. No brief or extension was filed by that date
with the Court. On August 22, 2008, a letter was sent to appellant notifying him the brief
was overdue and that the brief or response was due on September 2, 2008. On
September 12, 2008, we received a motion to extend the time to file his brief.
Â Â Â Â Â Â Â Â Â Â Consequently, since appellant has no attorney and a determination must be made
on his indigency and whether he desires an attorney to represent him, we abate the appeal
and remand the cause to the 31st District Court (trial court) for further proceedings. Upon
remand, the trial court shall immediately cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine the following:
Â Â Â Â Â Â Â Â Â Â 1.Â Â Â Â Â Â Â whether appellant desires to prosecute the appeal
Â 
Â Â Â Â Â Â Â Â Â Â 2. whether appellant is indigent and entitled to appointed counsel. 

Â Â Â Â Â Â Â Â Â Â We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent and without counsel, we direct the trial court to appoint him
same unless appellant knowingly waives his right to counsel. In either situation, the name,
address, phone number, telefax number, and state bar number of the new counsel, if any,
who will represent appellant on appeal must also be included in the courtâs findings of fact
and conclusions of law. Furthermore, the trial court shall also cause to be developed 1)
a supplemental clerkâs record containing the findings of fact and conclusions of law and 2)
a reporterâs record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerkâs
record to be filed with the clerk of this court on or before October 22, 2008. Should
additional time be needed to perform these tasks, the trial court may request same on or
before October 22, 2008.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



sdException Locked="false" Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00119-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL E

Â 



JUNE
28, 2011

Â 



Â 

IN RE R WAYNE JOHNSON, RELATOR



Â 



Â 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

Â 

Â 

MEMORANDUM OPINION

Â 

   Relator R.
Wayne Johnson, a state prison inmate proceeding pro se, seeks a writ of mandamus against respondent, the Honorable
Ana Estevez, Judge of the 251st District Court of Potter County,
Texas, on the ground that respondent refused to issue arrest warrants or
summonses in response to the complaint filed in her court by relator alleging assault by certain prison officials.Â  We will deny relatorÂs
petition.

Mandamus is an extraordinary
remedy available only in limited circumstances involving manifest and urgent necessity
and not for grievances that may be addressed by other remedies. Walker
v. Packer,
827 S.W.2d 833, 840 (Tex. 1992). A relator
must demonstrate a clear abuse of discretion or the violation of a duty imposed
by law and that he has no other adequate remedy at law. See Republican Party of Texas
v. Dietz,
940 S.W.2d 86, 88 (Tex. 1997). Relator does not
challenge a ruling of the trial court. Rather he alleges failure of that court
to perform a ministerial duty.Â  Here,
then, to obtain relief by mandamus, relator must show: (1) a legal duty by
the trial court to act; (2) a demand for performance; and (3) a refusal to act.
See Stoner v. Massey, 586 S.W.2d 843, 846
(Tex. 1979); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

We begin
by noting that we could not issue the relief relator
requests on the record he submits.Â  To
support relief, a mandamus record must include every document that is material
to the claim for relief and that was filed in the underlying proceeding.Â  Tex. R. App. P. 52.7; Dallas Morning News v. Fifth Court of
Appeals, 842 S.W.2d 655, 658 (Tex. 1992).Â  This means relator
must provide an adequate record to substantiate the allegations contained in
the petition for mandamus.Â  Id.; Packer, 827 S.W.2d
833, 837 (Tex. 1992).Â  Absent a
sufficient record, mandamus will not issue.Â 
Id.Â  

With his
petition, relator has included a copy of some
documents he states he filed with the 251st District Court.Â  But appellantÂs mandamus petition is based on
a document entitled Âcriminal complaintÂ he states he sent to Judge Estevez,
alleging assault by several prison officials and requesting the judge issue
arrest warrants or summonses.Â  He does not,
however, include the document with his petition. Tex. R. App. P. 52.3(k)(1)(a) (requiring a certified or sworn copy of documents
showing the matter complained of).Â  We
could not evaluate relatorÂs mandamus petition
without the critical document he says he filed with the respondent.

Beyond these deficiencies, and assuming Judge
Estevez has seen his criminal complaint, relatorÂs
petition on its face does not support his contention Judge Estevez failed to
perform a ministerial duty.Â  Relator cites articles 15.03, 15.04, and 15.05 of the Code
of Criminal Procedure.Â  Tex. Code Crim. Proc. Ann. arts. 15.03,
15.04, 15.05 (West 2010).Â  None of
those provisions make the issuance of an arrest warrant a ministerial duty.

Article
15.03 speaks only to situations when a warrant or summons may be issued and the
contents of a summons.Â  As we have held
before, it does not make the issuance of either a warrant or a summons a
ministerial duty.Â  In re Johnson, No.
07-04-0568-CV, 2004 Tex.App. LEXIS 11433 (Tex.App.ÂAmarillo
Dec. 20, 2004, orig. proceeding) (mem. op.). Â It is fundamental, of course, that arrest warrants under article
15.03 are properly issued only on a demonstration of probable cause to believe
an offense has been committed, as determined by a neutral and detached
magistrate.Â  U.S. Const. amend. IV (requiring probable cause for issuance of
warrant); see State v. Martin, 833
S.W.2d 129, 132 (Tex.Crim.App. 1992) (describing
requirements for issuance of warrant).Â Â  

Article
15.04 simply defines the word ÂcomplaintÂ and article 15.05 sets forth the
requisites of a complaint.Â  Tex. Code Crim. Proc. Ann. arts. 15.04;
15.05 (West 2010).Â  Neither
supports relatorÂs contention that issuing arrest
warrants or summonses is a ministerial duty.Â Â Â Â 


Relator further complains that, alternatively, Judge
Estevez could have initiated a court of inquiry pursuant to article 52.01 of
the Code of Criminal Procedure.Â  Tex. Code Crim. Proc. Ann. art. 52.01
(West 2009).Â  But again relator points to nothing suggesting that a failure to do
so on request violates a ministerial duty.Â 


Â 

Accordingly, relatorÂs
petition for writ of mandamus is denied.

Â 

Â 

Per
Curiam

Â 








Â 











[1] John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.Â