NO. 07-11-00119-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
28, 2011

 



 

IN RE R WAYNE JOHNSON, RELATOR



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

            Relator R.
Wayne Johnson, a state prison inmate proceeding pro se, seeks a writ of mandamus against respondent, the Honorable
Ana Estevez, Judge of the 251st District Court of Potter County,
Texas, on the ground that respondent refused to issue arrest warrants or
summonses in response to the complaint filed in her court by relator alleging assault by certain prison officials.  We will deny relator’s
petition.

Mandamus is an extraordinary
remedy available only in limited circumstances involving manifest and urgent necessity
and not for grievances that may be addressed by other remedies. Walker
v. Packer,
827 S.W.2d 833, 840 (Tex. 1992). A relator
must demonstrate a clear abuse of discretion or the violation of a duty imposed
by law and that he has no other adequate remedy at law. See Republican Party of Texas
v. Dietz,
940 S.W.2d 86, 88 (Tex. 1997). Relator does not
challenge a ruling of the trial court. Rather he alleges failure of that court
to perform a ministerial duty.  Here,
then, to obtain relief by mandamus, relator must show: (1) a legal duty by
the trial court to act; (2) a demand for performance; and (3) a refusal to act.
See Stoner v. Massey, 586 S.W.2d 843, 846
(Tex. 1979); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

We begin
by noting that we could not issue the relief relator
requests on the record he submits.  To
support relief, a mandamus record must include every document that is material
to the claim for relief and that was filed in the underlying proceeding.  Tex. R. App. P. 52.7; Dallas Morning News v. Fifth Court of
Appeals, 842 S.W.2d 655, 658 (Tex. 1992).  This means relator
must provide an adequate record to substantiate the allegations contained in
the petition for mandamus.  Id.; Packer, 827 S.W.2d
833, 837 (Tex. 1992).  Absent a
sufficient record, mandamus will not issue. 
Id.  

With his
petition, relator has included a copy of some
documents he states he filed with the 251st District Court.  But appellant’s mandamus petition is based on
a document entitled “criminal complaint” he states he sent to Judge Estevez,
alleging assault by several prison officials and requesting the judge issue
arrest warrants or summonses.  He does not,
however, include the document with his petition. Tex. R. App. P. 52.3(k)(1)(a) (requiring a certified or sworn copy of documents
showing the matter complained of).  We
could not evaluate relator’s mandamus petition
without the critical document he says he filed with the respondent.

Beyond these deficiencies, and assuming Judge
Estevez has seen his criminal complaint, relator’s
petition on its face does not support his contention Judge Estevez failed to
perform a ministerial duty.  Relator cites articles 15.03, 15.04, and 15.05 of the Code
of Criminal Procedure.  Tex. Code Crim. Proc. Ann. arts. 15.03,
15.04, 15.05 (West 2010).  None of
those provisions make the issuance of an arrest warrant a ministerial duty.

Article
15.03 speaks only to situations when a warrant or summons may be issued and the
contents of a summons.  As we have held
before, it does not make the issuance of either a warrant or a summons a
ministerial duty.  In re Johnson, No.
07-04-0568-CV, 2004 Tex.App. LEXIS 11433 (Tex.App.—Amarillo
Dec. 20, 2004, orig. proceeding) (mem. op.).  It is fundamental, of course, that arrest warrants under article
15.03 are properly issued only on a demonstration of probable cause to believe
an offense has been committed, as determined by a neutral and detached
magistrate.  U.S. Const. amend. IV (requiring probable cause for issuance of
warrant); see State v. Martin, 833
S.W.2d 129, 132 (Tex.Crim.App. 1992) (describing
requirements for issuance of warrant).   

Article
15.04 simply defines the word “complaint” and article 15.05 sets forth the
requisites of a complaint.  Tex. Code Crim. Proc. Ann. arts. 15.04;
15.05 (West 2010).  Neither
supports relator’s contention that issuing arrest
warrants or summonses is a ministerial duty.    


Relator further complains that, alternatively, Judge
Estevez could have initiated a court of inquiry pursuant to article 52.01 of
the Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 52.01
(West 2009).  But again relator points to nothing suggesting that a failure to do
so on request violates a ministerial duty. 


 

Accordingly, relator’s
petition for writ of mandamus is denied.

 

 

Per
Curiam

 








 











[1] John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.