NO. 07-11-00119-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 28, 2011

_____

IN RE R WAYNE JOHNSON, RELATOR

_____

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Relator R. Wayne Johnson, a state prison inmate proceeding *pro se,* seeks a writ of mandamus against respondent, the Honorable Ana Estevez, Judge of the 251st District Court of Potter County, Texas, on the ground that respondent refused to issue arrest warrants or summonses in response to the complaint filed in her court by relator alleging assault by certain prison officials. We will deny relator's petition.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A relator must demonstrate a clear abuse of discretion or the violation of a duty imposed by law and that he has no other adequate remedy at law. *See Republican Party of Texas v. Dietz*,

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

940 S.W.2d 86, 88 (Tex. 1997). Relator does not challenge a ruling of the trial court. Rather he alleges failure of that court to perform a ministerial duty. Here, then, to obtain relief by mandamus, relator must show: (1) a legal duty by the trial court to act; (2) a demand for performance; and (3) a refusal to act. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

We begin by noting that we could not issue the relief relator requests on the record he submits. To support relief, a mandamus record must include every document that is material to the claim for relief and that was filed in the underlying proceeding. Tex. R. App. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex. 1992). This means relator must provide an adequate record to substantiate the allegations contained in the petition for mandamus. *Id.; Packer,* 827 S.W.2d 833, 837 (Tex. 1992). Absent a sufficient record, mandamus will not issue. *Id.*

With his petition, relator has included a copy of some documents he states he filed with the 251st District Court. But appellant's mandamus petition is based on a document entitled "criminal complaint" he states he sent to Judge Estevez, alleging assault by several prison officials and requesting the judge issue arrest warrants or summonses. He does not, however, include the document with his petition. Tex. R. App. P. 52.3(k)(1)(a) (requiring a certified or sworn copy of documents showing the matter complained of). We could not evaluate relator's mandamus petition without the critical document he says he filed with the respondent.

Beyond these deficiencies, and assuming Judge Estevez has seen his criminal complaint, relator's petition on its face does not support his contention Judge Estevez failed to perform a ministerial duty. Relator cites articles 15.03, 15.04, and 15.05 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. arts. 15.03, 15.04, 15.05 (West 2010). None of those provisions make the issuance of an arrest warrant a ministerial duty.

Article 15.03 speaks only to situations when a warrant or summons may be issued and the contents of a summons. As we have held before, it does not make the issuance of either a warrant or a summons a ministerial duty. *In re Johnson,* No. 07-04-0568-CV, 2004 Tex.App. LEXIS 11433 (Tex.App.—Amarillo Dec. 20, 2004, orig. proceeding) (mem. op.). It is fundamental, of course, that arrest warrants under article 15.03 are properly issued only on a demonstration of probable cause to believe an offense has been committed, as determined by a neutral and detached magistrate. U.S. Const. amend. IV (requiring probable cause for issuance of warrant); *see State v. Martin*, 833 S.W.2d 129, 132 (Tex.Crim.App. 1992) (describing requirements for issuance of warrant).

Article 15.04 simply defines the word "complaint" and article 15.05 sets forth the requisites of a complaint. Tex. Code Crim. Proc. Ann. arts. 15.04; 15.05 (West 2010). Neither supports relator's contention that issuing arrest warrants or summonses is a ministerial duty.

Relator further complains that, alternatively, Judge Estevez could have initiated a court of inquiry pursuant to article 52.01 of the Code of Criminal Procedure. Tex. Code

Crim. Proc. Ann. art. 52.01 (West 2009).  But again relator points to nothing suggesting that a failure to do so on request violates a ministerial duty.

Accordingly, relator's petition for writ of mandamus is denied.

Per Curiam